May 18, 2020

Joel Schneider, USMJ
United States District Court
District of New Jersey
1 John F. Gerry Plaza
4th and Cooper Streets
Camden, NJ 08101

In re Document 135 Re:McBride v. Washington Township et al. 1:19-cv-17196

Dear Judge Schneider,

I am in receipt of Mr. Scheuerman's letter to you and included in the record as Document 135. This document includes as an exhibit an electronic mail I sent to opposing counsel for Defendant Capehart and Scatchard and Defendant Carmen Saginario.

I see no reason for the court to see each and every piece of correspondence between the parties. However, I made it my position that Opposing Counsel for the Defendants has been intentionally omitting evidence damaging to their case and inaccurately memorializing past litigation between the parties.  Counsel's letter, document 135, omits the letter sent to Mr. Kelly.

Defendants' attempt to misdirect this Honorable Court and improperly color this court's opinion based, not on the merits of the case, but on nothing more than playground name calling speaks to the lack of merit of their defense as to the actual claims being prosecuted before this Honorable Court. The court should see the Defendants continued attempt to squelch Plaintiff's First Amendment rights as continued evidence of the validity of Plaintiff's claims and right to collect damages.

With all of the threats to my family, years long litigation for the "crime" of public participation, and millions of dollars in actual damages, I think I have a right to be angry and use some harsh language to describe the actions of the Defendants and their counsel.  The Court is very respectfully reminded of the words of the New Jersey Supreme Court in *Ward v. Zelikovsky*:

> Name-calling does not have a defamatory content such that harm to reputation can be shown. **The First Amendment "does not embrace the trite wallflower politeness of the cliche that `if you can't say anything good about a person you should say nothing at all.'"** Rodney A. Smolla, *Law of Defamation*, § 6.09[2], at 6-37 (1986). **Indeed, "name calling, epithets, and abusive language, no matter how vulgar or offensive, are not actionable."** *Id.* at § 6.12[9], at 654. "No matter how obnoxious, insulting or tasteless such name-calling, it is regarded as a part of life for which the law of defamation affords no remedy." *Id.* at § 4.03, at 4-11.
>
> A certain amount of vulgar name-calling is frequently resorted to by angry people without any real intent to make a defamatory assertion, and it is properly understood by reasonable listeners to amount to nothing more. This is true particularly when it is obvious that the speaker has lost his temper and is merely giving vent to insult. **Thus when, in the course of an altercation, the defendant loudly and angrily calls the plaintiff a bastard in the presence of others, he is ordinarily not reasonably to be understood as asserting the fact that the plaintiff**

**is of illegitimate birth but only to be abusing him to his face.** No action for defamation will lie in this case. (emphasis added)

Defendants' attempt to misdirect this Honorable Court and improperly color this court's opinion based, not on the merits of the case, but on nothing more than playground name calling speaks to the lack of merit of their defense. The court should see the Defendants continued attempt to squelch Plaintiff's First Amendment rights as continued evidence of the validity of Plaintiff's claims.  In that regard, Mr. Kelly is, in Plaintiff's opinion, a moron.

Very truly yours,


Dr. Brian McBride, PharmD
Plaintiff Pro Se