**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRIAN F. MCBRIDE, | Civil No. 19-17196(NLH)(JS) |
|       Plaintiff, | |
|   v. | |
| | **OPINION** |
| TOWNSHIP OF WASHINGTON; JOSEPH J. MICUCCI; CAPEHART AND SCATCHARD, PA; CARMEN SAGINARIO; and ELIZABETH MICUCCI, | |
|       Defendants. | |

**APPEARANCES:**

BRIAN F. MCBRIDE
86 GOODWIN PARK
SEWELL, NJ 08080
    *Pro se Plaintiff.*

JAMES R. BIRCHMEIER
BIRCHMEIER & POWELL LLC
1891 STATE HIGHWAY 50
PO BOX 582
TUCKAHOE, NJ 08250-0582
    *Counsel for Defendants Township of Washington and Joseph J.*
    *Micucci.*

SEAN X. KELLY
MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, PC
CHERRY TREE CORPORATE CENTER
535 RT. 38 EAST
SUITE 501
CHERRY HILL, NJ 08002

CHRISTIAN M. SCHEUERMAN
MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, PC
CHERRY TREE CORPORATE CENTER
535 ROUTE 38 EAST
SUITE 501
CHERRY HILL, NJ 08002

1

```
DAVID ELIOT MADDEN
MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, PC
CHERRY TREE CORPORATE CENTER
535 ROUTE 38 EAST
SUITE 501
CHERRY HILL, NJ 08002
     Counsel for Defendants Capehart & Scatchard, PA and Carmen
     Saginario.

JEREMY S. COLE
LEX NOVA LAW, EIZEN/GOLDSTEIN/RODERICK/SKINNER/SPIRGEL/DRESS
1810 CHAPEL AVE WEST
SUITE 200
CHERRY HILL, NJ 08002
     Counsel for Third-Party Jason Gonter.
```

**HILLMAN, District Judge**

This action arises from ongoing disagreements between Plaintiff Brian F. McBride ("Plaintiff"), the Township of Washington (the "Township"), and a Township official, Joseph J. Micucci ("Micucci") (together, the Township and Micucci will be referred to as the "Township Defendants"). Plaintiff also brings claims against the Township's legal counsel, Capehart & Scatchard, PA ("Capehart") and a Capehart attorney, Carmen Saginario ("Saginario") (together, Capehart and Saginario will be referred to as the "Capehart Defendants").[1]

This matter presents a remarkable procedural posture and comes before the Court on some twenty-five (25) active motions, the most pressing of which are motions to dismiss Plaintiff's

---

[1] The Court uses the term "Defendants" when referring collectively to the Capehart Defendants and the Township Defendants.

complaint (ECF Nos. 7 & 20) and motions and cross-motions by Plaintiff also dispositive in nature (ECF Nos. 13, 16, & 28). For the reasons that follow, the Court will grant Defendants' motions to dismiss and deny as moot Plaintiff's motions and cross-motions for dispositive relief.  All other motions will be resolved as discussed further below.  Plaintiff will be invited to seek leave to file an amended complaint if he can do so consistent with the Federal Rules of Civil Procedure, this Court's Local Civil Rules, and this Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court takes its facts as best it can from Plaintiff's complaint (ECF No. 1-2).  Plaintiff is a longtime resident of the Township and appears to be active in local politics.  In that capacity, Plaintiff alleges he identified and complained about numerous improper actions he perceived as occurring in the Township and received backlash from the Township Defendants for doing so.  That backlash, and Plaintiff's objections to it, form the basis of this action.

For example, at some unidentified time, Plaintiff alleges he opposed "sexual discrimination" in the Township's "employment practices."  (ECF No. 1-2 ("Compl.") at ¶7).[2]  The complaint does

---

[2] Plaintiff's complaint contains numerous paragraphs sharing the same paragraph number.  For purposes of clarity, in the Factual Background section of this Opinion, references to the complaint

not explain the scope of those practices or how he came to learn about them. Plaintiff also opposed what he viewed as "egregious salary increases" offered to Township employees with relatively short tenures of employment. <u>See</u> (Compl. at ¶¶8-11). Plaintiff does not identify which employees he references or otherwise explain this allegation. Additionally, Plaintiff identified what he believed to be a conflict of interest involving Capehart's representation of the Township because a Capehart employee was serving as Treasurer for a mayoral campaign in the Township. (Compl. at ¶¶12-13). Plaintiff also opposed "unmannerly" behavior exhibited by a Township representative. (Compl. at ¶9). Other examples of issues Plaintiff asserts he raised abound in the complaint. <u>See, e.g.</u>, (Compl. at ¶¶14-22) (explaining that Plaintiff opposed other Township actions that he perceived as inappropriate, unlawful, or misguided).

As a result of Plaintiff's objections, Defendants embarked on a coordinated attack against him, which Plaintiff alleges was intended to silence and punish him for speaking out. (Compl. at ¶¶24-26). For example, members of the Township's Council publicly attacked Plaintiff's credibility and advanced nine unidentified "citizen issued criminal complaints" against him. (Compl. at ¶¶22-26). Plaintiff was also the subject of two

---

will be to the section of the complaint titled "factual allegations[.]"

unidentified civil lawsuits for slander and libel brought by elected Township officials.  (Compl. at ¶¶27-28).

Plaintiff also focuses the Court on an incident between the Township and his family regarding the pool located on Plaintiff's property.  Township officials visited Plaintiff's property, inspected his pool, and issued ordinance violations or "pool violations" against him for unexplained code violations. (Compl. at ¶¶30-35).  This dispute was litigated in state court and spilled over onto social media, with Plaintiff and Township officials publicly sparring over whether Plaintiff's pool was "illegal[.]"  (Compl. at ¶¶54-59).  These public exchanges fueled additional complaints by Plaintiff, including demands that certain elected officials be fired.  (Compl. at ¶¶64-69).

This action is the most recent portion of this ongoing saga.  On July 15, 2019, Plaintiff filed a fourteen (14) count complaint against Defendants in the Superior Court of New Jersey, asserting the following claims:

- <u>Count 1</u>: Common Law Fraud/Negligent Fraud/Intentional Fraud against all Defendants;

- <u>Count 2</u>: Official Misconduct, in violation of N.J. Stat. Ann. § 2C:30-2, against Defendants Micucci and Saginario;

- <u>Counts 3-5</u>: A Civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claims, 18 U.S.C. § 1961, *et seq*., against all Defendants;

- <u>Count 6</u>: A RICO Conspiracy claim, 18 U.S.C. § 1962(d), against all Defendants;

- 
- Count 7: Violations of the First Amendment, against all Defendants;[3]

- Count 8: Civil conspiracy, against all Defendants;

- Count 9: Civil liability for releasing juvenile records of Plaintiff, in violation of N.J. Stat. Ann. § 2A:4A-60, against all Defendants;

- Count 10: Plaintiff does not include a tenth count in his complaint and skips directly to count eleven;

- Counts 11-12: Violations of the New Jersey Civil Rights Act (NJCRA), N.J. Stat. Ann. § 10:6-2, *et seq.*, against all Defendants;[4]

- Count 13: Violations of the New Jersey Open Public Records Act, N.J. Stat. Ann. § 47:1A-1, or in the alternative, the common law right of access, against the Township;

- Count 14: Defamation *per se*, against Defendant Micucci.

On August 26, 2019, Defendants removed Plaintiff's complaint to this Court. (ECF No. 1). Since that date, Defendants have moved to dismiss Plaintiff's complaint. (ECF Nos. 7 & 20). Plaintiff countered by filing a remarkable number

---

[3] Two counts in Plaintiff's complaint are identified as count seven. The first count so identified is a First Amendment claim. That claim is identified as count seven in this Opinion. Count eight (the second count identified by Plaintiff as count seven) contains a civil conspiracy claim and is referred to by this Court as count eight.

[4] While Plaintiff fashions his claim as one under the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2, *et seq.*, his complaint references the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 *et seq.* This inconsistency is discussed further below.

of motions, more than twenty (20) of which remain pending before
this Court:

- <u>ECF No. 10</u>: Plaintiff's motion for default judgment;

- <u>ECF No. 13</u>: Plaintiff's motion for summary judgment;

- <u>ECF No. 15</u>: Plaintiff's motion for default judgment;

- <u>ECF No. 16</u>: Plaintiff's motion for summary judgment;

- <u>ECF No. 17</u>: Plaintiff's motion to "enforce litigant's rights for preservation of evidence";

- <u>ECF No. 18</u>: Plaintiff's motion for sanctions;

- <u>ECF No. 23</u>: Plaintiff's motion for injunctive relief;

- <u>ECF No. 25</u>: Plaintiff's motion to compel the Township to comply with an open public records act request;

- <u>ECF No. 26</u>: Plaintiff's motion for sanctions;

- <u>ECF No. 27</u>: Plaintiff's motion for leave to file a sur reply to the Capehart Defendants' motion to dismiss;

- <u>ECF No. 28</u>: Plaintiff's cross-motion for summary judgment against the Township Defendants;

- <u>ECF No. 40</u>: Plaintiff's motion for sanctions;

- <u>ECF No. 44</u>: Plaintiff's motion for sanctions;

- <u>ECF No. 45</u>: Plaintiff's motion to enforce litigant's rights "for preservation of evidence";

- <u>ECF No. 50</u>: Plaintiff's motion to force Defendants to comply with "F.R.C.P. Rule 5: service of papers";

- <u>ECF No. 60</u>: Plaintiff's motion for sanctions;

- <u>ECF No. 72</u>: Plaintiff's motion to amend his motion to enforce litigant's rights;

- ECF No. 94: Plaintiff's motion for injunctive relief;

- ECF No. 103: Plaintiff's motion to compel discovery;

- ECF No. 123: Plaintiff's motion for a restraining order;

- ECF No. 127: Plaintiff's motion "for contempt of Court and Warrant [to] issue as to" various non-parties.

Lastly, before the Court is a motion by non-party Jason Gonter to quash a subpoena served upon him by Plaintiff (ECF No. 147). All of these motions are ripe for adjudication.

## DISCUSSION

### I.  Subject Matter Jurisdiction

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II.  Legal Standard – Motion to Dismiss

In considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Where a plaintiff advances fraud claims, however, the Federal Rules of Civil Procedure prescribe a heightened pleading standard.  In pleading fraud, a

plaintiff must "state with particularity the circumstances
constituting fraud or mistake."  Fed. R. Civ. P. 9(b).

"While a complaint attacked by a Rule 12(b)(6) motion to
dismiss does not need detailed factual allegations, a
plaintiff's obligation to provide the 'grounds' of his
'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a
cause of action will not do . . . ."  Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007) (alteration in original)
(citations omitted) (first citing Conley v. Gibson, 355 U.S. 41,
47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.,
40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v.
Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a
> court must take three steps.  First, the court must
> "tak[e] note of the elements a plaintiff must plead to
> state a claim."  Second, the court should identify
> allegations that, "because they are no more than
> conclusions, are not entitled to the assumption of
> truth."  Third, "whe[n] there are well-pleaded factual
> allegations, a court should assume their veracity and
> then determine whether they plausibly give rise to an
> entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations
in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556
U.S. 662, 664, 675, 679 (2009)).

A district court, in weighing a motion to dismiss, asks
"not whether a plaintiff will ultimately prevail but whether the

claimant is entitled to offer evidence to support the claim."
Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416
U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our
decision in Twombly expounded the pleading standard for 'all
civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d
203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in
the coffin for the 'no set of facts' standard that applied to
federal complaints before Twombly."). "A motion to dismiss
should be granted if the plaintiff is unable to plead 'enough
facts to state a claim to relief that is plausible on its
face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at
570).

**III. Defendants' Motions to Dismiss**

Defendants move to dismiss Plaintiff's complaint for
failing to comply with Rules 8(a), 9(b) and 12(b)(6) of the
Federal Rules of Civil Procedure. The Court agrees that
Plaintiff's complaint fails to comport with Rules 8(a) and 9(b),
and consequently, fails to state a claim upon which relief may
be granted. The Court addresses each of Plaintiff's claims in
turn.

A. Count 1: Common Law Fraud/Negligent Fraud/Intentional Fraud

Plaintiff alleges that "Defendant Saginario [owes] a duty
to be honest in their representations [and] lied" to a court in
another matter involving Plaintiff. (Compl. at 7, ¶9.a).

10

Plaintiff also alleges that "Defendant Mi[c]ucci had a duty to keep juvenile records he accessed as a police officer confidential[.]" (Compl. at 7, ¶9.b). Plaintiff does not expand upon either of these allegations.

To establish common-law fraud, a plaintiff must allege: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. Banco Popular N. Am. v. Gandi, 876 A.2d 253, 260 (N.J. 2005) (quoting Gennari v. Weichert Co. Realtors, 691 A.2d 350 (N.J. 1997)).

Plaintiff does not clearly allege facts satisfying any of the Banco elements against Micucci. Similarly, while Plaintiff alleges Saginario made a misrepresentation to another court, the complaint does not elaborate upon that allegation in such a manner that would allow Defendants or this Court to identify the specific misrepresentation, when it was made, or determine whether it was false.[5] As such, Plaintiff has not pled his fraud

---

[5] Additionally, to the extent Plaintiff alleges these misrepresentations occurred during a judicial proceeding, which it appears Plaintiff alleges, the law is clear in New Jersey that statements by attorneys, parties, and their representatives made in the course of judicial proceedings are absolutely privileged and immune from liability. Peterson v. Ballard, 679 A.2d 657, 659 (N.J. Super. Ct. App. Div. 1996) (citing Erickson v. Marsh & McLennan Co., Inc., 569 A.2d 793 (N.J. 1990)).

claim with the level of specificity required by Rule 9(b) and this claim must be dismissed.

   B. Count 2: Official Misconduct, in violation of N.J. Stat. Ann. § 2C:30-2

   Plaintiff advances a claim styled as one for "civil liability for official misconduct," in violation of N.J. Stat. Ann. § 2C:30-2.  N.J. Stat. Ann. § 2C:30-2 is a criminal statute that makes official misconduct a crime of the second degree. The statue does not contemplate a private or civil right of action.  Jones v. Somerset Cty. Prosecutor's Office, No. 15-cv-2629-FLW, 2017 WL 1337432, at *9 (D.N.J. Apr. 7, 2017) (suggesting that no private right of action exists under N.J. Stat. Ann. § 2C:30-2).  Courts are hesitant to infer private rights of action where they are not provided for within the statutory text.  Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190, 114 S. Ct. 1439, 128 L. Ed. 2d 119 (1994) (noting reluctance to infer a private right of action from a criminal prohibition alone); Wilson v. McKeesport Police Dept/City of McKeesport, 731 F. App'x 92, 93 (3d Cir.), cert. denied sub nom. Wilson v. McKeesport Police Dep't, 139 S. Ct. 256, 202 L. Ed. 2d 171 (2018); Thompson v. Michels, 574 F. App'x 196, 197 (3d Cir. 2014).

Because no private right of action exists under N.J. Stat. Ann. § 2C:30-2, this claim must be dismissed with prejudice.

C. Counts 3-5: Plaintiff's RICO Claims

In order to survive a motion to dismiss a civil RICO claim, the complaint must adequately set forth the following elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  Poling v. K. Hovnanian Enterprises, 99 F. Supp. 2d 502, 507-08 (D.N.J. 2000) (citing Sedima, S.P.R.L., v. Imrex Company, Inc., 473 U.S. 479, 496, 105 S. Ct. 3275, 3285, 87 L. Ed. 2d 346 (1985)); Morales v. Superior Living Prod., LLC, 398 F. App'x 812, 814 (3d Cir. 2010) (same).  A "pattern" of racketeering activity requires at least two predicate acts of racketeering be pled.  See 18 U.S.C. § 1961(5); Sedima, 473 U.S. at 496 n. 14.  Section 1961 lists those acts that qualify as racketeering activity for the purposes of pleading a RICO claim.  18 U.S.C. § 1961(1); see Annulli v. Panikkar, 200 F.3d 189, 199 (3d Cir. 1999). Plaintiff appears to rely upon the predicate acts of mail and wire fraud in advancing his claims.

Because fraud claims are advanced as the predicate RICO acts, they must be pled with the level of specificity and particularity required by Rule 9(b).  Saporito v. Combustion Engineering Inc., 843 F.2d 666, 673 (3d Cir. 1988), vacated on other grounds, 489 U.S. 1049, 109 S. Ct. 1306, 103 L. Ed. 2d 576

(1989).  To plead mail or wire fraud with sufficient
particularity, plaintiffs must plead "the 'circumstances' of the
alleged fraud in order to place the defendants on notice of the
precise misconduct with which they are charged, and to safeguard
defendants against spurious charges of immoral and fraudulent
behavior." Seville Indus. Machinery Corp. v. Southmost
Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984), cert. denied,
469 U.S. 1211, 105 S. Ct. 1179, 84 L. Ed. 2d 327 (1985).  This
must include identification and explanation of the specific
conduct alleged to be fraudulent, often by providing the "date,
place and time" that the alleged fraud occurred or some
"alternative means of injecting precision and some measure of
substantiation into their allegations of fraud." Id.  Vague or
conclusory allegations of fraud will not survive a motion to
dismiss.  In re Burlington Coat Factory Securities Litig., 114
F.3d 1410, 1418 (3d Cir. 1997).  Allegations that generally
allege fraud, without informing each defendant as to the
specific fraudulent acts he or she is alleged to have committed,
do not satisfy Rule 9(b). See Mayor & Council of Borough of
Rockaway v. Klockner & Klockner, 811 F. Supp. 1039, 1060 (D.N.J.
1993).

Plaintiff has not satisfied Rule 9(b)'s pleading
requirements in advancing his RICO claims.  Plaintiff simply
pleads the RICO standard without identifying the specific acts

he alleges constitute mail and wire fraud.  The complaint is silent as to dates and times of alleged events and does not identify the participants to them.  Without such information, Plaintiff does not comply with Rule 9(b) and his RICO claims must be dismissed.

### D. Count 6: RICO Conspiracy

The RICO conspiracy statute provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."  18 U.S.C. § 1962(d).  Plaintiff has not adequately alleged facts upon which this Court could find that Defendants conspired to commit civil RICO.  The complaint does not identify who allegedly participated in a conspiracy, when that conspiracy allegedly occurred, or the scope of that conspiratorial behavior.  Even assuming Plaintiff's alleged conspiracy involved all Defendants, and the conspiracy was to silence Plaintiff, Plaintiff had not set forth facts upon which Defendants or this Court could ascertain which actions Plaintiff tethers his cause of action to; the vague allegations in the complaint are simply insufficient to meet Plaintiff's pleading burden.  As such, this cause must be dismissed.

### E. Count 7: First Amendment Claim

Plaintiff states that his First Amendment claim is actionable under Bivens v. Six Unknown Named Agents of Fed.

Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).  A Bivens claim is a judicially-created remedy for violations committed by federal officials.  Plaintiff has not alleged that any Defendant acted under color of federal law or is otherwise a federal officer.  Quite possibly, Plaintiff may have meant to bring an action under 42 U.S.C. § 1983, which as an analogue to Bivens, permits claims to be brought against officials acting under color of state law, as opposed to federal law, but because it is not clear that is what Plaintiff intended, and because the Court remains unable to determine the scope of Plaintiff's claim, this cause of action must be dismissed for failing to comply with Rule 8(a).

### F. Count 8: Civil Conspiracy

Plaintiff alleges Defendants conspired to "abuse legal process," "burden plaintiff in his defense" of lawsuits, damage Plaintiff financially, defame plaintiff, and silence Plaintiff from speaking out against the Township.  (Compl. at 14, ¶58).

In New Jersey, a civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage."  Banco, 876 A.2d at 263 (quoting Morgan v. Union County Bd. of Chosen Freeholders, 633 A.2d 985, 998 (N.J. Super. Ct.

16

App. Div. 1993), <u>certif. denied</u>, 640 A.2d 850 (N.J. 1994)).  The
gist of the claim is not the unlawful agreement, but the
underlying wrong which, absent the conspiracy, would give a
right of action.  <u>Id.</u> (citations omitted).

While Plaintiff generally alleges Defendants conspired
against him in an effort to retaliate against and punish him for
speaking out against them, he does not allege, with sufficient
detail, the creation of or existence of a conspiracy to commit
an identifiable wrong.  Plaintiff alleges Defendants' conspiracy
was to abuse legal process against him, burden him with
defending legal actions, damage him financially, defame him, and
otherwise restrain his speech.  Plaintiff does not identify how
or when these alleged wrongs occurred, who precisely committed
them, or otherwise contextualize his allegations.  Moreover,
while Plaintiff alleges that a conspiracy exists, he does not
explain which facts support that conclusory statement, depriving
Defendants and this Court of any ability to understand the
contours of his claim.  As such, Plaintiff has not sufficiently
pled a civil conspiracy claim, and that claim must be dismissed.

G. <u>Count 9: Civil liability for releasing juvenile records of
   Plaintiff, in violation of N.J. Stat. Ann. § 2A:4A-60</u>

Plaintiff argues that Micucci, a former police officer with
unique access to information and documentation regarding
Plaintiff's youth, improperly disclosed certain juvenile records

referencing Plaintiff on the internet.  Plaintiff avers that

Micucci's actions violate N.J. Stat. Ann. § 2A:4A-60.  Having

reviewed the statutory language Plaintiff relies upon, the Court

is not convinced that it provides for a private right of action.

In relevant part, N.J. Stat. Ann. § 2A:4A-60 provides that

> [w]hoever, except as provided by law, knowingly
> discloses, publishes, receives, or makes use of or
> knowingly permits the unauthorized use of information
> concerning a particular juvenile derived from records
> listed in subsection a. or acquired in the course of
> court proceedings, probation, or police duties, shall,
> upon conviction thereof, be guilty of a disorderly
> persons offense.

N.J. Stat. Ann. § 2A:4A-60(h).  While the statute makes it a

criminal act to improperly disclose juvenile records, it does

not appear to create a civil, private right of action.  As this

Court discussed previously, courts are hesitant to infer private

rights of action where they are not explicitly or implicitly

contained within the statutory text.  Central Bank of Denver,

N.A., 511 U.S. at 190.  Because no private right of action

appears to exist, this claim must be dismissed with prejudice.

   H. Counts 11 and 12: New Jersey Civil Rights Act Claims

   While Plaintiff styles these claims as arising under the

NJCRA, N.J. Stat. Ann. § 10:6-2, et seq., the complaint directs

this Court to another statute all together, the New Jersey Law

Against Discrimination (NJLAD), N.J. Stat. Ann. § 10:5-1, et

seq.  It appears from Plaintiff's allegations that he pursues a

18

NJCRA claim, not an NJLAD claim.  Noting this pleading discrepancy, the Court turns to Plaintiff's more particularized allegations.

Plaintiff appears to allege that Defendants knew he was a member of a Republican club as a young adult and targeted him for that affiliation by pursuing unidentified criminal actions against him in an effort to suppress his political speech.

The NJCRA provides a means of vindicating substantive rights guaranteed by federal law and New Jersey's Constitution and laws.  Lapolla v. Cty. of Union, 157 A.3d 458, 469 (N.J. Super. Ct. App. Div. 2017) (citations omitted).  The NJCRA authorizes a private right of action:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

Id. (citing N.J. Stat. Ann. § 10:6-2(c)) (emphasis removed).  Two types of private claims are recognized under this statute: (1) a claim when one is "deprived of a right," and (2) a claim when one's rights have been "interfered with by threats, intimidation, coercion or force."  Id. (quoting Felicioni v.

19

Admin. Office of Courts, 961 A.2d 1207 (N.J. Super. Ct. App.
Div. 2008), certif. denied, 3 A.3d 1228 (N.J. 2010)).

Plaintiff's general allegations might qualify as both an
interference claim and a deprivation claim.  Problematically,
Plaintiff does not explain when these acts occurred, who
participated in them, or any other foundational information
necessary for this Court to analyze the sufficiency of
Plaintiff's allegations.  As such, this count must be dismissed
for failing to comply with Rule 8(a).

I. Count 13: Violations of the New Jersey Open Public Records
Act, in violation of N.J. Stat. Ann. § 47:1A-1

Plaintiff alleges that he is entitled to access Micucci's
private Facebook page because Micucci used that platform to
further Township business.  (Compl. at ¶90).  Plaintiff
therefore alleges the Township wrongfully denied his Open Public
Records Act (OPRA) request seeking such access.

"[T]o ensure an informed citizenry and to minimize the
evils inherent in a secluded process," the New Jersey
Legislature enacted OPRA with the purpose to provide the public
with broad access to "government records," unless an exemption
applies.  Frega v. Borough of Saddle River, No. A-2252-18T3,
2020 WL 412893, at *2 (N.J. Super. Ct. App. Div. Jan. 27, 2020)
(citations omitted).  A "government record" is a document
"made, maintained or kept on file in the course of . . .

official business." N.J. Stat. Ann. § 47:1A-1.1. Micucci's
private Facebook page clearly falls afield of that definition.[6]
As such, Plaintiff's OPRA claim must fail, and will be
dismissed.

  J. Count 14: Defamation per se

    Plaintiff alleges that Micucci made false statements about
him, "specifically attack[ing] Plaintiff's intelligence[.]"
(Compl. at ¶95).

    To establish a prima facie case of defamation per se,
Plaintiff must show that defendant communicated to a third
person a false statement about plaintiff that tended to harm
plaintiff's reputation in the eyes of the community or to cause
others to avoid plaintiff. McLaughlin v. Rosanio, Bailets &
Talamo, Inc., 751 A.2d 1066, 1071-72 (N.J. Super. Ct. App. Div.
2000) (citing Lynch v. New Jersey Educ. Ass'n, 735 A.2d 1129
(N.J. 1999)). In deciding whether a statement is defamatory a
court must examine three factors: content, verifiability, and
context. Id. (citations omitted). A statement must be judged

---

[6] The Court recognizes that Plaintiff also appears to request
access to Micucci's Facebook page under what Plaintiff calls the
common law right of access. Generally, that right of access
applies to documents produced to a court. See In re Avandia
Mktg., Sales Practices & Prod. Liab. Litig., 924 F.3d 662, 675
(3d Cir. 2019). Because it is unclear on what theory Plaintiff
relies upon in making this argument, the Court must reject it
pending further clarification.

not by its literal meaning but by its objective meaning to a reasonable person of ordinary intelligence.  Mere insults and rhetorical hyperbole, while they may be offensive or unpleasant, are not defamatory.  Id. (citations omitted).  Moreover, only verifiable statements can be defamatory.  "Since opinions and name-calling cannot be proved true or false, they are not actionable."  Id. (citations omitted).  Hence, recovery is limited to defamatory false averments of fact and the truth of the statement is a complete defense to a defamation action.  Id. (citations omitted).

Plaintiff's allegation that he was called unintelligent is not actionable defamation.  Certainly, such comments and name-calling are insulting and offensive, but such comments fall into the category of rhetoric that is not actionable.  See McLaughlin, 751 A.2d at 1071-72.  As such, Plaintiff fails to plead an actionable claim for defamation per se and this claim will be dismissed.

## IV.  Remaining Motions

Finding that Plaintiff's action must be dismissed, the Court turns to the remaining motions before it.  First, the Court addresses Plaintiff's motion for leave to file a sur reply brief to the Capehart Defendants' motion to dismiss (ECF No. 27).  The Court will grant that motion and has considered the arguments raised in the sur reply in deciding the Capehart

Defendants' motion.  Ultimately, the arguments advanced did not alter this Court's decision.

As noted, the Court will grant Defendants' motions to dismiss (ECF Nos. 7 & 20).  In doing so, the Court must necessarily deny as moot Plaintiff's motions for affirmative relief, including injunctive relief and restraining orders (ECF No. 23, 92, & 123), Plaintiff's motion to compel (ECF No. 25), Plaintiff's motions and cross-motions for summary judgment (ECF Nos. 13, 16 & 28), and various other discovery-based motions (ECF Nos. 17, 45, 50, 72, 94, & 103).

The Court will also deny Plaintiff's motions for default judgment (ECF Nos. 10 & 15) as Plaintiff has not pled facts that would constitute viable causes of action.  See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (citations omitted).

Plaintiff's motions for sanctions (ECF Nos. 18, 26, 40, 44, 60, & 127) have been considered by this Court and will be denied.  These motions are largely frivolous and meritless, and beyond any sense of doubt, have distracted from the merits of this case.  Unfortunately, a review of the docket confirms that Plaintiff does not advance these motions with clean hands, and has, in many ways that need not be recited here but which are evident from a review of the record, created equally as much havoc, if not more, than he complains of.  Most notably, the

23

docket contains concerning allegations about Plaintiff's actions involving defense counsel and their families.  In sum, the Court denies these motions and cautions the parties about advancing such motions in the future, which undoubtedly waste judicial resources and delay resolution of this matter on the merits.

Lastly, before the Court is a motion by non-party Jason Gonter to quash a subpoena served upon him by Plaintiff (ECF No. 147).  This motion was previously addressed by Judge Schneider during a May 22, 2020 telephonic conference and again by Plaintiff in a letter dated May 22, 2020 (ECF No. 153).  Plaintiff agreed to withdraw the subpoena to Gonter that was the subject of the motion to quash.  Therefore, the motion to quash will be denied as moot.

### V.   The Court Will Permit Plaintiff An Opportunity To Amend If He Can Do So Consistent With This Opinion

While Plaintiff has not sought leave to amend, this action involves certain civil rights claims, and therefore, Third Circuit precedent requires this Court to permit Plaintiff an opportunity to amend those claims unless some specified reason exists to prevent amendment.  See, e.g., Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002); Weston v. Pennsylvania, 251 F.3d 420, 428 (3d Cir. 2001).  Because Plaintiff is proceeding pro se, the Court extends an even

24

greater courtesy to Plaintiff and will permit him to seek leave to amend certain non-civil rights claims as well.

Rule 15(a)(2) of the Federal Rules of Civil Procedure "requires that leave to amend the pleadings be granted freely 'when justice so requires.'" Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (citing Fed. R. Civ. P. 15(a)) ("We have held that motions to amend pleadings should be liberally granted."). Thus, "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Id. (internal quotations, citations, and emphasis omitted); see also Haynes v. Moore, 405 F. App'x 562, 564 (3d Cir. 2011) (noting that even though leave to amend under Rule 15 should be freely given, "a district court may exercise its discretion and deny leave to amend on the basis of undue delay, bad faith, dilatory motive, prejudice, or futility.").

In this case, certain claims will be dismissed, with prejudice, as any amendment would be legally futile.  Count 2 (Official Misconduct, in violation of N.J. Stat. Ann. 2C:30-2) and Count 9 (civil liability for releasing juvenile records of Plaintiff, in violation of N.J. Stat. Ann. § 2A:4A-60) of the complaint are brought under statutory schemes that do not

provide for a private right of action.  As such, any amendment
to those claims would be legally futile and dismissal of those
counts will be with prejudice.  The remaining claims will be
dismissed without prejudice as too factually vague to proceed.

The Court will, therefore, invite Plaintiff to seek leave
to amend those claims dismissed without prejudice pursuant to
Local Civil Rule 7.1.  Pursuant to Local Civil Rule 7.1(f), in
moving for leave to file an amended pleading, "the moving party
shall attach to the motion a copy of the proposed pleading or
amendments[.]"  L. Civ. R. 7.1(f); Huertas v. Foulke Mgmt.
Corp., No. 17-1891, 2017 U.S. Dist. LEXIS 207234, *13 (D.N.J.
Dec. 18, 2017).  "The purpose of L. Civ. R. 7.1(f) is to enable
the movant to identify with precision the proposed manner in
which the pleading is sought to be amended[.]"  Kanter v.
Barella, No. 04-5542, 2005 U.S. Dist. LEXIS 28809, *2 (D.N.J.
Nov. 16, 2005) (Simandle, C.J.).  Plaintiff shall, therefore,
have thirty (30) days from the date of this Opinion to move to
amend his complaint pursuant to Rule 15 and Local Civil Rule
7.1.  Failure to timely move to amend will be viewed as
Plaintiff's rejection of this Court's invitation to do so, and
the complaint will be dismissed with prejudice.

<u>**CONCLUSION**</u>

For the reasons stated above, Defendants' motions to dismiss Plaintiff's complaint (ECF Nos. 7 & 20) will be granted and the complaint will be dismissed in its entirety, with prejudice in part and without prejudice in part.  Counts 2 and 9 of the complaint will be dismissed with prejudice.  All other remaining counts will be dismissed without prejudice. Plaintiff's motion for leave to file a sur reply to the Capehart Defendants' motion to dismiss (ECF No. 27) will be granted. Plaintiff's motions for injunctive relief and restraining orders (ECF No. 23, 92, & 123) will be denied as moot, as will Plaintiff's motion to compel (ECF No. 25), Plaintiff's motions and cross-motions for summary judgment (ECF Nos. 13, 16 & 28), various other discovery-based motions (ECF Nos. 17, 45, 50, 72, 94, & 103), and Gonter's motion to quash a subpoena served upon him by Plaintiff (ECF No. 147).  Plaintiff's motions for default judgment (ECF Nos. 10 & 15) will be denied, as will Plaintiff's motions for sanctions (ECF Nos. 18, 26, 40, 44, 60, & 127).

Such resolves all motions pending before this Court.  An appropriate order will be entered.


                                    s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.