| | |
|---|---|
| **MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**<br>BY: Christian M. Scheuerman, Esq.<br>Attorney I.D. 021702007<br>535 Route 38 East, Suite 501<br>Cherry Hill, NJ 08002<br>(856)663-4300 | **ATTORNEY FOR DEFENDANTS,**<br>Capehart & Scatchard, P.A. and Carmen Saginario, Jr. |

092-107004(SXK/CMS)

| | |
|---|---|
| Brian F. McBride<br><br>vs.<br><br>Township of Washington; Capehart & Scatchard, P.A., Carmen Saginario, Jr., Joseph J. Micucci, Elizabeth Lose-Micucci | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br>CAMDEN VICINAGE<br><br>DOCKET NO.  1:19-17196 - NLH-JS<br>CIVIL ACTION |

### BRIEF BY CAPEHART & SCATCHARD, P.A. AND CARMEN SAGINARIO, JR. IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.
Cherry Tree Corporate Center
Suite 501
535 Route 38 East
Cherry Hill, NJ  08002

On The Brief:
Sean X. Kelly, Esquire
Christian M. Scheuerman, Esquire

{NJ121749.1}

# Table of Contents

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STANDARD OF REVIEW ....................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

LEGAL ARGUMENT ............................................................................................................... 3

I.  COUNT ONE OF THE PROPOSED AMENDED COMPLAINT, ALLEGING FRAUD AND NEGLIGENCE, IS WHOLLY UNINTELLIGIBLE, IS NOT PLEAD WITH THE REQUIRED PARTICULARITY, AND IS BARRED BY THE LITIGATION PRIVILEGE ................................................................................................................ 3

II. THE RICO COUNTS IN THE PROPOSED AMENDED COMPLAINT STILL FAIL FOR A MULTITUDE OF REASONS (COUNTS 2-4 OF PROPOSED AMENDED COMPLAINT) ................................................................................................ 6

III. NO RICO CONSPIRACY CLAIM UNDER § 1962(d) IS PROPERLY PLEAD (COUNT 5 OF PROPOSED AMENDED COMPLAINT) ..................................................... 9

IV. THE CIVIL CONSPIRACY CLAIM FAILS (COUNT 6 OF PROPOSED AMENDED COMPLAINT) .................................................................................................. 10

V. THE NEW JERSEY CIVIL RIGHTS ACT COUNT IS NOT PROPERLY PLEAD (COUNT 7 OF PROPOSED AMENDED COMPLAINT ) ................................................. 12

CONCLUSION ......................................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Banco Popular N. Am. v. Gandi,
    876 A.2d 253 (N.J. 2005) .......................................................................4, 11

Barticheck v. Fidelity Union Bank/First National State,
    832 F.2d 36 (3rd Cir. 1987) .............................................................................9

In re Burlington Coat Factory Securities Litig.,
    114 F.3d 1410 (3d Cir. 1997) ............................................................................6

Burton v. Peartree,
    326 F. Supp. 755 (E.D. Pa. 1971) ....................................................................12

Erickson v. Marsh & McLennan Co., Inc.,
    569 A.2d 793 (N.J. 1990) ....................................................................................5

Gennari v. Weichert Co. Realtors,
    691 A.2d 350 (N.J. 1997) ...................................................................................4

Giles v. Phelan, Hallinan & Schmieg, L.L.P.,
    901 F. Supp. 2d 509 (D.N.J. 2012) ....................................................................5

Haynes v. Moore,
    405 F. App'x 562 (3d Cir. 2011) .......................................................................1

Long v. Wilson,
    393 F.3d 390 (3d Cir. 2004) ...........................................................................1

Mayor & Council of Borough of Rockaway v. Klockner & Klockner,
    811 F. Supp. 1039 (D.N.J. 1993) .....................................................................6

McBride v. Township of Washington,
    Civil Case No. 19-17196 (D.N.J. June 19, 2020)...4, 5, 6, 7, 10, 11, 12

Melleady v. Blake,
    2011 U.S. Dist. LEXIS 144834 (D.N.J. 2011) ............................12

Morgan v. Union County Bd. of Chosen Freeholders,
    633 A.2d 985 (N.J. Super. Ct. App. Div. 1993),
    640 A.2d 850 (N.J. 1994) .............................................................. 11

Ogbin v. Fein,
    414 Fed. Appx. 456 (3d Cir. 2011) ................................................... 5

Peterson v. Ballard,
    679 A.2d 657 (N.J. Super. Ct. App. Div. 1996) .............................. 5

Reves v. Ernst & Young,
    507 U.S. 170 (1993) .......................................................................... 8

Shearin v. E.F. Hutton Group, Inc.,
    885 F.2d 1162 (3d Cir. 1989) ......................................................... 10

Whaley v. Auto Club Ins. Assoc.,
    891 F. Supp. 1237 (E.D. Mich. 1995) .............................................. 8

**Statutes**

18 U.S.C. 1962(c) ..................................................................................... 8

18 U.S.C. 1962(d) ..................................................................................... 8

18 U.S.C. § 1961(4) .................................................................................. 9

N.J.S.A. 2A:58-11 ..................................................................................... 2

18 U.S.C. § 1962 .............................................................................. 7,8,9,10

**Rules**

Fed. R. Civ. P. 9 ................................................................................ 1,4,7,6

Fed. R. Civ. P. 8 ................................................................................... 1,12

## PRELIMINARY STATEMENT

The proposed Amended Complaint, like the first, is premised on the alleged "political oppression" of Plaintiff. It is wholly unintelligible, ambiguous, and lacks the required specific pleading in violation of Fed. R. Civ. P. 8 and 9. The claims for common law fraud and negligence are also barred by the litigation privilege. This, coupled with the fact that there is a lack of coherent pleading for all other claims, demonstrates that allowing the proposed Amended Complaint to proceed would be futile. Plaintiff's motion should therefore be denied.

## STANDARD OF REVIEW

Leave to amend should be denied when the proposed amended pleading is brought for an improper purpose or when it would be futile to allow an amendment. See Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (holding that motions to amend should be denied if there is evidence of bad faith or when the proposed amendment would be futile); Haynes v. Moore, 405 F. App'x 562, 564 (3d Cir. 2011) (ruling that, "a district court may exercise its discretion and deny leave to amend on the basis of undue delay, bad faith, dilatory motive, prejudice, or futility.").

## STATEMENT OF FACTS

The Plaintiff alleges a bizarre and ambiguous set of facts against Carmen Saginario, Esq. and his law firm, Capehart and Scatchard (collectively referred to as the "Law Firm Defendants"), relating to their role in the alleged "political oppression" against Plaintiff by Co-Defendant Washington Township. (See proposed Amended Complaint attached as Exhibit A to Plaintiff's Motion). The sole identifiable allegation against the Law Firm Defendants relates to a prior state court matter, identified in the proposed Amended Complaint as the "pool lawsuit," in which the Plaintiff was sued by Washington Township for constructing a pool on his premises without a permit. (Proposed Amended Complaint, par. 55, 80).

The Plaintiff alleges that in the course of the "pool lawsuit," Mr. Saginario, who acted as solicitor for Washington Township, made oral and written "misrepresentations" to the trial judge about whether the lawsuit had been approved by the Township and whether the lawsuit could properly be maintained. (Proposed Amended Complaint, par. 80-84 and 133-136). The statute under which the lawsuit was filed, N.J.S.A. 2A:58-11, allowed the Court to proceed in a summary manner, and a final order was entered on June 11, 2018 Order, which imposed $250 fine on Plaintiff. (See June 11, 2018 Order attached as **Exhibit A**). No appeal was filed.

No other specific actions are plead relating to the Law Firm Defendants. Rather, the proposed Amended Complaint, like the first one, generically refers to all parties as the "Defendants," parrots conclusory buzz words and legal conclusions, and lumps the actions of all parties together.

## LEGAL ARGUMENT

**I. COUNT ONE OF THE PROPOSED AMENDED COMPLAINT, ALLEGING FRAUD AND NEGLIGENCE, IS WHOLLY UNINTELLIGIBLE, IS NOT PLEAD WITH THE REQUIRED PARTICULARITY, AND IS BARRED BY THE LITIGATION PRIVILEGE**

Count One of the proposed Amended Complaint fails because it is ambiguous, not plead with particularity, and it is barred by the litigation privilege. This Count alleges that the Legal Defendants committed fraud, or where otherwise negligent, in their representation of Washington Township during the "pool lawsuit." (See Proposed Amended Complaint par. 133-136). Specifically, it is alleged that on May 27, 2018, Mr. Saginario, during the "pool lawsuit," made multiple misrepresentations to the trial judge, Judge Ragonese. (See Proposed Amended Complaint par. 134).

In previously dismissing this Count, the Court explained that Plaintiff failed to plead the necessary facts to establish a *prima facie* claim for common law fraud. The Court reasoned that:

> To establish common-law fraud, a plaintiff must allege: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other

> person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. Banco Popular N. Am. v. Gandi, 876 A.2d 253, 260 (N.J. 2005) (quoting Gennari v. Weichert Co. Realtors, 691 A.2d 350 (N.J. 1997)).
>
> Plaintiff does not clearly allege facts satisfying any of the Banco elements against Micucci. Similarly, while Plaintiff alleges Saginario made a misrepresentation to another court, the complaint does not elaborate upon that allegation in such a manner that would allow Defendants or this Court to identify the specific misrepresentation, when it was made, or determine whether it was false.
>
> As such, Plaintiff has not pled his fraud claim with the level of specificity required by Rule 9(b) and this claim must be dismissed

McBride v. Township of Washington, Civil Case No. 19-17196, at 11-12 (D.N.J. June 19, 2020).

The same is true with the proposed Amended Complaint.  In particular, the proposed pleading does not elaborate upon the alleged misrepresentations in such a way as to allow the Court to determine whether they are false.  Moreover, notwithstanding the alleged misrepresentations, a final order was entered on June 11, 2018 *against Plaintiff* in the lawsuit which a imposed $250 fine.  (See June 11, 2018 Order attached as **Exhibit A**).  The Plaintiff never appealed the order, thereby waiving any alleged irregularities in the proceeding.

Moreover, since the proposed Amended Complaint admits that the alleged statements were made during a judicial proceeding, the fraud and negligence claims are barred by the litigation privilege.  As this Court detailed in the June 11 opinion,

> [T]o the extent Plaintiff alleges these misrepresentations occurred during a judicial proceeding, which it appears Plaintiff alleges, the law is clear in New Jersey that statements by attorneys, parties, and their representatives made in the course of judicial proceedings are absolutely privileged and immune from liability. Peterson v. Ballard, 679 A.2d 657, 659 (N.J. Super. Ct. App. Div. 1996) (citing Erickson v. Marsh & McLennan Co., Inc., 569 A.2d 793 (N.J. 1990)).

McBride, Civil Case No. 19-17196, at 11, n. 5.

The litigation privilege applies to both fraud and negligence claims. See Giles v. Phelan, Hallinan & Schmieg, L.L.P., 901 F. Supp. 2d 509, 524-25 (D.N.J. 2012). Ogbin v. Fein, 414 Fed. Appx. 456 (3d Cir. 2011), upheld the dismissal of claims for "intentional misrepresentation" and negligence based on the litigation privilege because the defendant sent the payoff letters to the plaintiff in the course of a foreclosure proceeding. The Court reasoned that:

> There was no error in the District Court's conclusion that the . . . [plaintiff] failed to state common law claims of intentional misrepresentation and negligence. The Payoff Letters, which were sent by . . . [the law firm] during the pendency of the foreclosure proceedings for the purpose of facilitating those proceedings, fall squarely within the scope of the New Jersey litigation privilege.

Id. at 458.

The litigation privilege applies to this case because the statements allegedly were made by Washington's Township's counsel, during a civil proceeding, in furtherance of the litigation. Therefore, allowing Plaintiff to assert Count One of the proposed Amended Complaint would be futile and the motion for leave to amend should be denied.

{NJ121749.1}　　　　　　　　　　　　　　5

**II.    THE RICO COUNTS IN THE PROPOSED AMENDED COMPLAINT STILL FAIL FOR A MULTITUDE OF REASONS (COUNTS 2-4 OF PROPOSED AMENDED COMPLAINT)**

Counts Two-Four of the proposed Amended Complaint again attempt to assert a RICO claim against all Defendants. In previously dismissing the RICO counts, this Court explained that "[b]ecause fraud claims are advanced as the predicate RICO acts, they must be pled with the level of specificity and particularity required by Rule 9(b)." McBride, Civil Case No. 19-17196, at 13. Moreover, the Court explained that the Plaintiff was required to plead specific facts to support the RICO claim which he failed to do. The Court stated that,

> To plead mail or wire fraud with sufficient particularity, plaintiffs must plead 'the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.'
>
> ∗∗∗
>
> This must include identification and explanation of the specific conduct alleged to be fraudulent, often by providing the 'date, place and time' that the alleged fraud occurred or some 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.' Id. Vague or conclusory allegations of fraud will not survive a motion to dismiss. In re Burlington Coat Factory Securities Litig., 114 F.3d 1410, 1418 (3d Cir. 1997). Allegations that generally allege fraud, without informing each defendant as to the specific fraudulent acts he or she is alleged to have committed, do not satisfy Rule 9(b). See Mayor & Council of Borough of Rockaway v. Klockner & Klockner, 811 F. Supp. 1039, 1060 (D.N.J. 1993).
>
> Plaintiff has not satisfied Rule 9(b)'s pleading requirements in advancing his RICO claims. Plaintiff simply pleads the RICO standard without identifying the specific acts he alleges constitute

> mail and wire fraud. The complaint is silent as to dates and times of alleged events and does not identify the participants to them. Without such information, Plaintiff does not comply with Rule 9(b) and his RICO claims must be dismissed.

McBride, Civil Case No. 19-17196, at 14-15.

The proposed Amended Complaint suffers from the same fatalities as the original Complaint.  For example, while Paragraphs 149,151, and 155 of the proposed Amended Complaint allege that all Defendants, "signed and had Plaintiff McBride served with criminal complaints," destroyed evidence, and conducted illegal surveillance on Plaintiff, there is absolutely no description or explanation of the specific role played by the Legal Defendants.  Similarly, in Count Three of the proposed Amended Complaint, Paragraph 169, Plaintiff generically alleges that the "Defendants" committed RICO predicate acts without identifying each specific Defendant and what specific acts they each allegedly committed.  Although predicate acts such as "laundering of money" are alleged, the specific date, place, and time of the alleged predicate acts, or the method of committing same, are not identified.

The proposed Amended Complaint also fails to state a cause of action under RICO § 1962(a), (b), or (c).  To state a claim under RICO § 1962(a), a plaintiff must allege: (1) that the defendant has received money from a pattern of racketeering activity, and (2) invested that money in an enterprise; and (3) that the enterprise affected interstate commerce.  Id.  The proposed Amended Complaint

{NJ121749.1}                                                7

does not allege that the Law Firm Defendants received money from any illicit activities or that it was invested into the purported criminal enterprise.

Under RICO § 1962(b), a defendant must acquire or maintain an interest in or control of an enterprise through a pattern of racketeering activity. The type of "interest" contemplated in section 1962(b) is not just any "interest" but a proprietary one, such as the acquisition of stock, and the "control" contemplated is the power gained over an enterprise's operations by acquiring such an interest. Whaley v. Auto Club Ins. Assoc., 891 F. Supp. 1237, 1240-41 (E.D. Mich. 1995) (citing Reves v. Ernst & Young, 507 U.S. 170 (1993)).

The proposed Amended Complaint fails to allege that the Law Firm Defendants acquired or maintained an interest in or control of any criminal enterprise, so the § 1962(b) claim fails.

To state a claim under 18 U.S.C. 1962(c), a plaintiff must allege (1) the existence of an enterprise affecting interstate commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, either directly or indirectly, in the conduct of the affairs of the enterprise; and (4) that he or she participated through a pattern of racketeering activity that must include the allegation of at least two racketeering acts. 18 U.S.C. 1962(d).

The term "enterprise" is defined by the RICO statute as "any individual, partnership, corporation, association, or other legal entity, and any union or group

of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

The proposed Amended Complaint fails to plead sufficient facts to establish an alleged RICO enterprise. Nothing is plead relating to the division of labor among the enterprise members, the separation of functions by the participants, or the degree of planning, cooperation, and coordination of the alleged enterprise.

The pattern of racketeering activity element is also not properly plead. Courts use a multifactor approach when assessing this element that considers the number of acts, the length of time involved, the similarity of the acts, the number of victims, the number of perpetrators, and the nature of the activities. Barticheck v. Fidelity Union Bank/First National State, 832 F.2d 36, 39 (3rd Cir. 1987). Since nothing relating to these factors is plead, the proposed Amended Complaint fails to properly allege a pattern of racketeering activity and the RICO Counts should be dismissed.

### III. NO RICO CONSPIRACY CLAIM UNDER § 1962(D) IS PROPERLY PLEAD (COUNT 5 OF PROPOSED AMENDED COMPLAINT)

The proposed Amended Complaint is devoid of any facts to establish a RICO conspiracy. In previously dismissing the RICO conspiracy count, this Court detailed how the original Complaint failed to plead specifics regarding the alleged conspiracy. The Court explained that,

> Plaintiff has not adequately alleged facts upon which this Court could find that Defendants conspired to commit civil RICO. The complaint does not identify who allegedly participated in a conspiracy, when

> that conspiracy allegedly occurred, or the scope of that conspiratorial behavior. Even assuming Plaintiff's alleged conspiracy involved all Defendants, and the conspiracy was to silence Plaintiff, Plaintiff had not set forth facts upon which Defendants or this Court could ascertain which actions Plaintiff tethers his cause of action to; the vague allegations in the complaint are simply insufficient to meet Plaintiff's pleading burden. As such, this cause must be dismissed.

McBride, Civil Case No. 19-17196, at 15.

Like the original Complaint, the proposed Amended Complaint still fails to properly identify who allegedly participated in a conspiracy, when that conspiracy allegedly occurred, or the scope of that conspiratorial behavior.  The RICO conspiracy claim under § 1962(d) also fails because the proposed Amended Complaint does not properly plead an enterprise or pattern of racketeering activity.

The Plaintiff was also required to plead the time period of the conspiracy, the object of the conspiracy, and certain specific actions of the alleged conspirators taken to achieve that purpose.  Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989).  Nothing is plead to establish that the Law Firm Defendants were part of any alleged RICO conspiracy or that they took any action in furtherance of it.  The § 1962(d) claim therefore fails.

## IV. THE CIVIL CONSPIRACY CLAIM FAILS (COUNT 6 OF PROPOSED AMENDED COMPLAINT)

In New Jersey, a civil conspiracy is a "combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to

inflict a wrong against or injury upon another, and an overt act that results in damage." McBride, Civil Case No. 19-17196, at 16 (quoting Banco, 876 A.2d at 263 (quoting Morgan v. Union County Bd. of Chosen Freeholders, 633 A.2d 985, 998 (N.J. Super. Ct. App. Div. 1993), certif. denied, 640 A.2d 850 (N.J. 1994)). "The gist of the claim is not the unlawful agreement, but the underlying wrong which, absent the conspiracy, would give a right of action." McBride, Civil Case No. 19-17196, at 17.

In previously dismissing the civil conspiracy claim, this Court ruled that Plaintiff had plead absolutely no facts to establish that any Defendants conspired to do him harm. The Court explained that,

> While Plaintiff generally alleges Defendants conspired against him in an effort to retaliate against and punish him for speaking out against them, he does not allege, with sufficient detail, the creation of or existence of a conspiracy to commit an identifiable wrong. Plaintiff alleges Defendants' conspiracy was to abuse legal process against him, burden him with defending legal actions, damage him financially, defame him, and otherwise restrain his speech. Plaintiff does not identify how or when these alleged wrongs occurred, who precisely committed them, or otherwise contextualize his allegations. Moreover, while Plaintiff alleges that a conspiracy exists, he does not explain which facts support that conclusory statement, depriving Defendants and this Court of any ability to understand the contours of his claim. As such, Plaintiff has not sufficiently pled a civil conspiracy claim, and that claim must be dismissed.

Id.

Similarly, the proposed Amended Complaint also fails to allege with proper detail how the alleged conspiracy was created, by whom, when, or that it was

established with the intended goal to commit an identifiable wrong. The proposed Amended Complaint also fails identify how and when the alleged wrongful acts occurred, who precisely committed them, and otherwise fails to include any specifics relating to the alleged conspiracy.

## V. THE NEW JERSEY CIVIL RIGHTS ACT COUNT IS NOT PROPERLY PLEAD (COUNT 7 OF PROPOSED AMENDED COMPLAINT)

In previously dismissing the New Jersey Civil Rights Act claim, the Court explained that:

> Problematically, Plaintiff does not explain when these acts occurred, who participated in them, or any other foundational information necessary for this Court to analyze the sufficiency of Plaintiff's allegations. As such, this count must be dismissed for failing to comply with Rule 8(a).

McBride, Civil Case No. 19-17196, at 20.

A "lengthy and rambling complaint which contains little more than demands, charges, and conclusions is not short and plain statement of case and flagrantly violates Fed. R. Civ. P. 8. On that ground alone the complaint may be dismissed." Burton v. Peartree, 326 F. Supp. 755, 758-59 (E.D. Pa. 1971). See Melleady v. Blake, 2011 U.S. Dist. LEXIS 144834, at * 29-30 (D.N.J. 2011) (dismissing a complaint in which the "majority of the paragraphs present rambling statement and assert multiple allegations against unspecified Defendants . . . .").

The proposed Amended Complaint fails to allege sufficient conduct of the Legal Defendants to allow the New Jersey Civil Rights Act claim to proceed

against them.  The allegation against the Legal Defendants in this Count is that it filed a "zoning" lawsuit against the Plaintiff.  (See Proposed Amended Complaint, par. 197, 203).  It is assumed that the "zoning" lawsuit is the same as the "pool lawsuit" referenced in Count One.

However, the "pool lawsuit" did not end in Plaintiff's favor.  Rather, the state court entered a judgment against him on June 11, 2018.  (See June 11, 2018 Order, **Exhibit A**).  No appeal was taken by Plaintiff.  (See Order, Exhibit F). Thus, Plaintiff cannot plead or prove that the suit was filed without probable cause, that it was actuated by malice, or that it terminated in his favor.  While this Count also alleges that criminal charges were filed against Plaintiff, there are no specifics plead as to what role, if any, the Legal Defendants played in same.  Thus, any constitutionally based claim has no merit and should be dismissed as a matter of law.

## CONCLUSION

For the above reasons, the Plaintiff's motion for leave to file an amended complaint should be denied because allowing the amendment would be futile.

**MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.**

*/s/Christian M. Scheuerman*
Christian M. Scheuerman, Esq.
Attorney for Defendant Capehart &
Scatchard, P.A. and Carmen Saginario, Jr.