13,523J/E
James R. Birchmeier, Esquire
**BIRCHMEIER & POWELL LLC**
Counsellors at Law
1891 State Highway 50
P.O. Box 582
Tuckahoe, New Jersey 08250
(609) 628-3414
jbirchmeier@birchmeierlaw.com
Attorneys for Defendants, Township of Washington and Joseph J. Micucci

| | |
|---|---|
| BRIAN F. McBRIDE,<br><br>      Pro Se Plaintiff,<br><br>v.<br><br>TOWNSHIP OF WASHINGTON;<br>CAPEHART & SCATCHARD, P.A.;<br>CARMEN SAGINARIO, JR.;<br>JOSEPH J. MICUCCI;<br>ELIZABETH LOSE-MICUCCI,<br><br>      Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br><br>Civil Action No.  1:19-17196 (NLH/JS)<br><br>Civil Action |

================================================

**BRIEF IN OPPOSITION TO THE PRO SE PLAINTIFF'S MOTION FOR LEAVE
OF COURT TO FILE AN AMENDED COMPLAINT ON BEHALF OF DEFENDANTS,
TOWNSHIP OF WASHINGTON & JOSEPH MICUCCI**

================================================

# TABLE OF CONTENTS

TABLE OF AUTHORITIES                                                    ii

INTRODUCTION                                                            1

PROCEDURAL HISTORY                                                     3

LEGAL ARGUMENT:

      POINT I – THE PRO SE PLAINTIFF'S PROPOSED AMENDED
      COMPLAINT CONTINUES TO VIOLATE THE FEDERAL RULES
      OF CIVIL PROCEDURE, THE LOCAL CIVIL RULES AND THIS
      COURT'S ORDERS AND OPINION.                                 5

      POINT II -  COUNT I OF PRO SE PLAINTIFF PROPOSED AMENDED
      COMPLAINT ALLEGING FRAUD AND NEGLIGENCE FAIL AS A
      MATTER OF LAW.                                              7

      POINT III- COUNTS II, III, IV & VI OF PRO SE PLAINTIFF'S
      PROPOSED AMENDED COMPLAINT REGARDING RICO VIOLATIONS
      FAIL AS A MATTER OF LAW.                                    8

      POINT IV- COUNT VI OF PRO SE PLAINTIFF'S PROPOSED AMENDED
      COMPLAINT REGARDING  CIVIL CONSPIRACY FAILS AS A MATTER
      OF LAW.                                                     11

      POINT V - COUNT VII OF PRO SE PLAINTIFF'S PROPOSED AMENDED
      COMPLAINT REGARDING VIOLATION OF THE NEW JERSEY CVIL
      RIGHTS ACT FAILS AS A MATTER OF LAW.                        12

CONCLUSION                                                             14

## **TABLE OF AUTHORITIES**

**Cases**                                                                      **Page**

Albanese v. City Federal Savings and Loan Association, 701 F. Supp.
    563 (D. N.J. 1989)                                                        10

Banco Popular No. America v, Gandi, 876 A.2d 253, 260
    (N.J. 2005) (quoting Gennari v. Weichert Co. Realtors,
    691 A.2d 350 (N.J. 1997))                                                  7, 11

In re: Burlington Coat Factory Securities Litig.,114 F. 3d. 1410,
    1418 (3d Cir. 1997)                                                        8,

In re: City Source Inc. Securities Litigation, 694 F. Supp. 1069
    (S.D.N.Y. 1988)                                                            10,

Leonard v. Shearson Lehman-American Express Corp., 687 F. Supp.
    177, 181 (E.D. PA 1988) (citing Gilbert v. Prudential-Bache
    Securities, Inc., 643 F. Supp. 107, 109 E.D. PA 1986)                       8,

Mayor & Council of Borough of Rockaway v. Klockner & Klockner, 811
    F. Supp. 1039, 1060 (D.N.J. 1993)                                          9,

Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F. 2d
    786 791 (3d Cir. 1984), cert. denied, 469 U.S. 1211, 105 S. Ct.
    1179, 84 L. Ed. 2d 327 (1985)                                              8,


**United States Code:**

18 U.S.C. §1962                                                                8,

**Federal Rules of Civil Procedure**

F.R.C.P. 8(a)                                                                  2,

F.R.C.P. 8(a)(2)                                                               5, 12

F.R.C.P. 9(b)                                                                  2, 7,
                                                                               8, 9

F.R.C.P. 12(b)(6)                                                              1, 6

**Local Civil Rules**                                                    **Page**

15.1(a)                                                                  1, 5


**New Jersey Statutes:**

N.J.S.A. §40:49–2(b)                                                     6

New Jersey Civil Rights Act                                              12, 13

**INTRODUCTION**

In this civil rights action, the pro se plaintiff Brian McBride seeks to hold the defendants, including the Township of Washington and Zoning Officer Joseph Micucci, liable for a violation of perceived federal law claims including the Racketeering Influence and Corruption Organization Act (RICO) and violations under the United States Constitution. In addition, the pro se plaintiff has alleged various New Jersey State Constitutional claims against the defendants.

Prior to these defendants filing a response to the pro se plaintiff's Complaint, defendants Township of Washington and Zoning Officer Joseph Micucci filed a Motion to Dismiss pro se plaintiff's complaint in lieu of filing an Answer pursuant to F.R.C.P. 12(b)(6) (Doc. 20).The Township of Washington and Zoning Officer Micucci maintained that pro se plaintiff's original Complaint did not and could not sustain viable causes of action for civil rights violations under any legal theory or any other stated causes of action contained in the pro se plaintiff's Complaint.  The co-defendants filed a similar Motion to Dismiss.

On June 19, 2020, this Court decided by Opinion and Order that the pro se plaintiff's Complaint be dismissed, in part with prejudice and in part without prejudice. (Doc. 167 and 168).   However, this Court granted the pro se plaintiff thirty (30) days to seek leave to file an Amended Complaint. On July 7, 2020, the pro se plaintiff filed a motion seeking leave to amend his complaint (Doc. 173).   This motion to seek leave to file an Amended Complaint was dismissed without prejudice by the Court for his failure to comply with the Local Civil Rules, including Local Civil Rule 15.1(a).  (Doc. 176).  This

Court granted the pro se plaintiff an additional thirty (30) days to seek further leave to amend his complaint in a rule-compliant manner (Doc. 176).

On July 10, 2020, the pro se plaintiff filed a revised motion for leave to amend his Complaint. (Doc. 177).  Defendants Township of Washington and Zoning Officer Joseph Micucci maintain that pro se plaintiff's proposed Amended Complaint is unintelligible and continues to violate not only the Local Civil Rules but also the Federal Rules of Civil Procedure, including Rule 8(a) and 9(b).   Accordingly, it is the position of these defendants that the pro se plaintiff's Motion for Leave to File an Amended Complaint be denied.

## **PROCEDURAL HISTORY**

The pro se plaintiff's Complaint was initially filed on or about June 15, 2019 in the Superior Court of New Jersey, Law Division, Gloucester County under Docket No. GLO-L-000871-19. The pro se plaintiff's Complaint included 14 counts and contained a 'request for relief" that included not only monetary damages but also injunctive relief, including the "termination" of Zoning Officer Joseph Micucci and the revocation/termination of his pension. The pro se plaintiff's Complaint included the following alleged causes of action:

> Official misconduct, fraud, attorneys aiding and abetting fraud, civil conspiracy, violations of the racketeer influenced and corrupt business practices act, violations of the First Amendment to the United States Constitution, violations of the Fourth Amendment to the United States Constitution, violations of the Fourteenth Amendment to the United States Constitution, violations of the New Jersey Civil Rights Act.

On August 26, 2019, defendants Township of Washington and Joseph Micucci filed a Motion for Removal of this matter to the United States District Court. (Doc 1-1) This Motion was granted.

On October 11, 2019, defendants Township of Washington and Joseph Micucci filed a motion to dismiss the pro se plaintiff's Complaint with prejudice in lieu of filing an Answer based upon a failure to state a claim upon which relief can be granted. This motion sought to the dismissal of the entire pro se plaintiff's Complaint with prejudice (Doc 20). The defendants, Capehart & Scatchard, P.A. and Carmen Saginario, Jr. filed a similar motion seeking to dismiss the pro se plaintiff's Complaint.

On June 19, 2020, this Court decided by written decision and order that the pro se plaintiff's Complaint must be dismissed, in part with prejudice and in part without

prejudice (Doc. 167 and 168). The Court granted the pro se plaintiff thirty (30) days within which to file a motion to seek leave to file an Amended Complaint "...if he can do so consistent with the Federal Rules of Civil Procedure, this Court's Local Civil Rules and this Opinion." (Doc. 167, at pg. 3).

On July 7, 2020, the pro se plaintiff sought leave to amend his Complaint (Doc 173).  However, on July 10, 2020, this Court determined that pro se plaintiff failed to follow the Local Civil Rules, and his motion was dismissed without prejudice (Doc 176). However, this Court permitted the pro se plaintiff thirty (30) days to seek further leave to amend his complaint "in a rule-complaint manner."

On July 13, 2020, the pro se plaintiff filed a revised motion seeking leave to amend his complaint.  The defendants Township of Washington and Joseph Miccuci now file this Opposition to the pro se plaintiff's revised Motion.

## LAW AND ARGUMENT

### POINT I – THE PRO SE PLAINTIFF'S PROPOSED AMENDED COMPLAINT CONTINUES TO VIOLATE THE FEDERAL RULES OF CIVIL PROCEDURE, THE LOCAL CIVIL RULES AND THIS COURT'S ORDERS AND OPINION.

It is the position of these defendants that despite the Orders and Opinion of this Court, the pro se plaintiff's proposed Amended Complaint continues to violate not only the Federal Rules of Civil Procedure but also this Court's Local Civil Rules.

For example, Local Civil Rule 15.1(a) provides in pertinent part….

> A party who seeks leave to amend a pleading shall do so by motion, which shall state whether such motion is opposed…..

Lacking in the pro se plaintiff's Motion is any indication that the defendants intended to oppose this motion.  While it is certainly recognized that the plaintiff is proceeding pro se, he is still required to follow not only the Federal Rules of Civil Procedure but also the Local Civil Rules.

In addition, the pro se plaintiff's proposed Amended Complaint continues to ignore the Order of the Court dated July 10, 2020 (Doc. 176) concerning the continued violation of Federal Rule of Civil Procedure 8(a)(2).   As stated by the Court, this Rule requires a Complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." (Doc. 176, at Page 3).

Rather than follow the instructions and Order of the Court, the pro se plaintiff's proposed "revised" Amended Complaint contains 208 separate paragraphs, many of which are totally irrelevant to the alleged causes of action. It should be remembered that the pro se plaintiff's initial Motion for Leave of Court to file an Amended Complaint, which

was denied by the Court without prejudice, included a proposed Amended Complaint that, not only violated the Local Civil Rules but also included 208 separate paragraphs. Clearly, the pro se plaintiff, for whatever reason, chose to disregard the Court's Order.

It is submitted, that the pro se plaintiff's latest motion should be denied based upon his failure to follow not only the Rules but also the Court's instructions. While the defendants understand that some of the arguments that follow are, generally, reserved for the filing of a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), given the procedural history of this case, the defendants believe that these arguments are appropriate at this stage.  Hopefully, these arguments, made at this stage, will save judicial resources as it is the position of the defendants that the pro se plaintiff's alleged causes of action contained in the Amended Complaint are legally futile and are too factually vague to proceed.

These defendants also join in and rely upon the Opposition Brief filed on behalf of the co-defendants.

## POINT II- COUNT I OF PRO SE PLAINTIFF PROPOSED AMENDED COMPLAINT ALLEGING FRAUD AND NEGLIGENCE FAIL AS A MATTER OF LAW

Pursuant to Federal Rule of Civil Procedure 9(b) "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In reviewing the pro se plaintiff's proposed Count I of his Amended Complaint, it is evident that he failed to comply with the requirements set for in Federal Rule of Civil Procedure 9(b). Pro se plaintiff makes general ambiguous assertions and his pleadings are not specifically plead. When pro se plaintiff's original complaint was dismissed for failure to state a cause of action, this Court held:

> To establish common-law fraud, a plaintiff must allege: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. **Banco Popular No. America v, Gandi,** 876 A.2d 253, 260 (N.J. 2005) (quoting **Gennari v. Weichert Co. Realtors,** 691 A.2d 350 (N.J. 1997))

> Plaintiff does not clearly allege facts satisfying any of the **Banco** elements against Micucci. Similarly, while Plaintiff alleges Saginario made a misrepresentation to another court, the plaintiff does not elaborate upon that allegation in such a manner that would allow Defendants or this Court to identify the specific misrepresentation, which it was made or determine whether it was false. As such, Plaintiff has not pled his fraud claim with the level of specificity required by Rule 9(b) and this claim must be dismissed. (Doc 167, pg. 11)

Pro se plaintiff's proposed Amended Complaint simply alleges "misrepresentations" but offers no supporting facts to support his allegations. Therefore it is respectfully requested, that the Court deny the pro se plaintiff' motion for leave to file an Amended Complaint as to Count I.

## **POINT III- COUNTS II, III, IV & VI OF PRO SE PLAINTIFF'S PROPOSED AMENDED COMPLAINT REGARDING RICO VIOLATIONS FAIL AS A MATTER OF LAW.**

In order to adequately state a claim under the Racketeering Influenced and Corrupt Organization Act (RICO), a plaintiff must plead that the defendants took some predicated action which forms the basis for a violation of 18 U.S.C. §1962. Moreover, the plaintiff must claim that as a result of the predicated acts he was injured. **Leonard v. Shearson Lehman-American Express Corp.,** 687 F. Supp. 177, 181 (E.D. PA 1988) (citing **Gilbert v. Prudential-Bache Securities, Inc.,** 643 F. Supp. 107, 109 E.D. PA 1986). When this Court previously dismissed the RICO counts of the pro se plaintiff's Complaint, the Court noted that "because fraud claims are advanced as the predicate RICO acts, they must be plead with the level specificity and particularity required by Rule 9(b)." (Doc. 167, pg. 13). Further, this Court held:

> To plead mail or wire fraud with sufficient particularity, plaintiffs must plead "the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." **Seville Indus. Machinery Corp. v. Southmost Machinery Corp.,** 742 F. 2d 786 791 (3d Cir. 1984), cert. denied, 469 U.S. 1211, 105 S. Ct. 1179, 84 L. Ed. 2d 327 (1985). This must include identification and explanation of the specific conduct alleged to be fraudulent, often by providing the "date, place and time" that the alleged fraud occurred or some "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." **Id.** Vague or conclusory allegation of fraud will not survive a motion to dismiss. **In re Burlington Coat Factory Securities Litig.,** 114 F. 3d. 1410, 1418 (3d Cir. 1997). Allegation that generally allege fraud, without informing each defendant as to the specific fraudulent acts he or she is alleged to have committed, so not satisfy Rule 9(b).

**See, Mayor & Council of Borough of Rockaway v. Klockner & Klockner**, 811 F. Supp. 1039, 1060 (D.N.J. 1993) (Doc 167, pg. 14)

Pro se plaintiff's proposed Amended Complaint does not satisfy Federal Rule of Civil Procedure 9(b) pleading requirement to advance RICO claims. Pro se plaintiff simply pleads RICO violations without identifying specific acts that allegedly constitute fraud. Pro se plaintiff's proposed Amended Complaint merely makes unsupported allegations. For example, pro se plaintiff maintains:

> 165. Defendants devised or intended to devise a scheme or artifice meant to defraud and/or for obtain money or property from Plaintiff for the benefit of the Gloucester County Democratic Party.

> 165. Defendants utilized false or fraudulent pretenses, representation, and/or promises in order to defraud and/or obtain money from Plaintiff for the benefit of the Gloucester County Democratic Party.

> 167. Defendants transmitted or caused to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, writing, signs, signals, pictures, or sounds for the purpose of executing such scheme or article when they transmitted telephone and cellular telephone calls, documents, facsimiles, emails, instant messages, and any other form of communication.

Pro se plaintiff's proposed Amended Complaint generally alleges that all the "Defendants" committed RICO violations but fails to identify specific acts. The pro se plaintiff's proposed Amended Complaint is silent as to the dates and times of the alleged events and does not identify the participants to them. Without this information, it is respectfully maintained that pro se plaintiff's proposed Amended Complaint does not comply with Federal Rule of Civil Procedure 9(b).

Further, a municipality, such as the Township of Washington, is incapable of the criminal intent necessary for a conviction of any of the acts constituting a RICO predicate and therefore, municipalities are not vulnerable to RICO charges. **In re: City Source Inc. Securities Litigation,** 694 F. Supp. 1069 (S.D.N.Y. 1988).  See **Albanese v. City Federal Savings and Loan Association,** 701 F. Supp. 563 (D. N.J. 1989).

Finally, pro se plaintiff's proposed Amended Complaint fails to establish any facts of a RICO conspiracy. When this Court dismissed the plaintiff's original complaint, it was noted:

> Plaintiff has not adequately alleged facts upon which this Court could find that Defendants conspired to commit civil RICO. The complaint does not identify who allegedly participated in a conspiracy, when that conspiracy allegedly occurred, or the scope of that conspiratorial behavior. Even assuming Plaintiff's alleged conspiracy involved all Defendants, and the conspiracy was to silence Plaintiff, Plaintiff had not set forth facts upon which Defendants or this Court could ascertain which actions Plaintiff tether his cause of action to;  the vague allegations in the complaint are simply insufficient to meet Plaintiff's pleading burden. (Doc 167, pg. 15)

Therefore, it is respectfully requested that the Court deny the pro se plaintiffs' motion for leave to file an Amended Complaint as to Counts II, II and IV.


**(The pro se plaintiff's proposed Amended Complaint does not include a Count V, but does contain two separate and distinct causes of action identified as Count VI.)**

**POINT IV- COUNT VI OF PRO SE PLAINTIFF'S PROPOSED AMENDED COMPLAINT REGARDING CIVIL CONSPIRACY FAILS AS A MATTER OF LAW**

A civil conspiracy is defined a "combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages." **Banco Popular No. America v. Gandi**, 184 N.J. 161, 177 (2005).   When the pro se plaintiff's original Complaint was dismissed, this Court concluded:

> While Plaintiff generally alleges Defendants conspired against him in an effort to retaliate against and punish him for speaking out against them, he does not allege, with sufficient detail, the creation of or existence of a conspiracy to commit an identifiable wrong, Plaintiff alleges Defendants' conspiracy was to abuse legal process against him, burden him with defending legal action, damage him financially, defame him, and otherwise restrain his speech. Plaintiff does not identify how or when these alleged wrongs occurred, who precisely committed them, or otherwise contextualize his allegations. Moreover, while Plaintiff alleges that a conspiracy exists, he does not explain which facts support that conclusory statement, depriving Defendants, and this Court of any ability to understand the contours of his claim. (Doc. 167, pg. 17)

Pro se plaintiff's proposed Amended Complaint fails to properly allege in detail how and who participated in the alleged civil conspiracy. The proposed Amended Complaint, also, fails to identify how and when the alleged wrongful conspired acts occurred and who committed them. Therefore, it is respectfully requested that the Court deny the pro se plaintiff's motion for leave to file an Amended Complaint as to Count VI.

## POINT V - COUNT VII OF PRO SE PLAINTIFF'S PROPOSED AMENDED COMPLAINT REGARDING VIOLATION OF THE NEW JERSEY CVIL RIGHTS ACT FAILS AS A MATTER OF LAW.

Pro se plaintiff's proposed Amended Complaint seeks to establish a cause of action pursuant to the New Jersey Civil Rights Act. When this Court dismissed the plaintiff's original Complaint, the Court held:

> Plaintiff's generally allegations might qualify as both an interference claim and a deprivation claim. Problematically, Plaintiff does not explain when these acts occurred, who participated in them, or any other foundational information necessary for this Court to analyze the sufficiency of Plaintiff's allegations. As such, this court must be dismissed for failing to comply with Rule 8 (a) (Doc. 167, pg. 20)

The pro se plaintiff's proposed Amended Complaint fails to establish a prima facie case under the New Jersey Civil Rights Act. Rather, pro se plaintiff's proposed Amended Complaint seeks to re-argue the "pool lawsuit" whereby the pro se plaintiff was found guilty of a zoning violation and the trial court imposed a $250 fine against him on June 11, 2018. Pro se plaintiff never appealed the Court's order imposing the fine or the holdings of the trial court.

In his proposed Amended Complaint, pro se plaintiff maintains that the "pool lawsuit" was somehow maliciously filed against him. The facts reveal the contrary. The "pool lawsuit" was fully litigated and pro se plaintiff was afforded the opportunity to present testimony and evidence before the trial court. However, the trial court ruled against the pro se plaintiff and imposed a $250 fine. Thus, pro se plaintiff cannot lead or prove that the "pool lawsuit" was filed without probable cause.

Pro se plaintiff's proposed Amended Complaint fails to properly articulate any violation of the New Jersey Civil Rights Act. Therefore it is respectfully requested that the Court deny the pro se plaintiff's motion for leave to file an Amended Complaint as to Count VII.

## **CONCLUSION**

As can be seen from the foregoing, despite the rulings of the Court; the Court's patience and the fact that the plaintiff is proceeding pro se, the pro se plaintiff's Motion continues to violate the Federal Rules of Civil Procedure; this Court's Local Civil Rules and the Opinion and Orders of this Court. Accordingly, it is respectfully submitted that the pro se plaintiff's Motion for Leave to file an Amended Complaint be denied with prejudice.

Respectfully submitted.
**BIRCHMEIER & POWELL LLC**

DATED:   August 3, 2020              BY:/s/James R. Birchmeier
                                JAMES R. BIRCHMEIER, ESQUIRE
                                Attorneys for Defendants, Washington
                                Township and Joseph J. Micucci