August 18, 2020
Joel Schneider, USMJ
United States District Court
District of New Jersey
1 John F. Gerry Plaza
4th and Cooper Streets
Camden, NJ 08108

RE: Preservation of Evidence in Re: McBride v. Washington Township et al. 1:19-cv-17196

Your Honor-

Plaintiff writes here with the understanding that the court is about six months delayed from ruling upon Plaintiff's motion to requesting leave of court to amend his complaint (Document 177). The Court is advised that I expect no priority or special treatment for this case or an expedited ruling on this specific motion. While there is no order of this Court compelling me to seek leave of Court before engaging in motion practice, I believe this letter seeking permission for same is appropriate. I seek permission from the Court to file one motion.

First, I would like to file a Motion to Prevent Defendants Washington Township and Joseph Micucci from destroying discoverable evidence. Your Honor has written eloquently, in the Subaru Multidistrict Litigation, about the risk of the spoliation of discoverable evidence. In previous communications and motion practice in this instant case, I have placed the Court on notice, *ad nauseum,* about missing evidence. Discoverable evidence related to this case is disappearing faster than President Trump can have mailboxes removed. Opposing counsel refuses to communicate with me on what he has done to preserve or otherwise locate missing discoverable evidence. Had counsel communicated with me on the Defendants' preservation of evidence, I would not be writing this letter.

This missing discoverable evidence includes but is not limited to:
- The deletion of the full unedited body worn camera footage of Washington Township Police Officers Nichols and Tarsevich relating to criminal charges brought against me by Councilwoman Angela Donato,
- Minutes of Executive Sessions discussing litigation involving me and Washington Township which Councilman Nick Fazzio stated took place,
- Evidence related to how Washington Township establishes probable cause for zoning violations issued 2014-present,
- Defendant Micucci also admitted in open court the destruction of evidence. A recording of this admission is attached as Exhibit A of ECF document 72.
- Defendant Washington Township's Records Custodian, who is also coincidentally my next door neighbor, replied in writing the she has no record destruction forms showing that Micucci's admitted document destruction occurred in compliance with New Jersey Statue.

- The Records Custodian has, over the last two years, responded to my Open Public Records Act request for discoverable evidence with the response "no records exist" more often than not.
- The records custodian, just today, was instructed to impermissibly deny my public records requests for electronic metadata that would substantiate or refute Washington Township's claim that certain social media posts critical of the Defendant Washington Township actually claim from the Plaintiff.
    - In Defending himself against Councilwoman Angela Donato, Plaintiff was continually frustrated by non-compliance with discovery to the extent that a fresh-out-of-law-school law clerk had to read into the record the Wikipedia definition of "metadata" and "electronically stored media" for the benefit Donato's attorney.

Secondly, Plaintiff wishes to advise the Court that his <u>actual</u> damages *as to only Defendants Capehart and Scatchard and Defendant Carmen Saginario* is one-half of Plaintiff's legal fees to defend the vexatious "pool lawsuit" at issue herein. The Court is asked to take under advisement that Defendant Capehart and Scatchard and Defendant Carmen Saginario have come all this way over a paltry $3,750. The fact that the law firm defendants have not discussed a resolution at this point is certainly a head scratcher for me. The Defendants have already lost more than it would have cost to settle the claim. I hope the Court finds this as odd as I do.

The Court's direction as to Plaintiff's proposed Motion to Prevent Spoliation of Evidence or for Sanctions as a result of spoliation. I would like to avoid making a circus of this case. However, I do need to protect my rights as a litigant at least until Your Honor makes a ruling on Plaintiff's Motion for Leave to Amend his Complaint.

Very truly yours,

Dr. Brian McBride
Plaintiff Pro Se
86 Goodwin Parkway
Sewell, NJ 08080

It is hereby ORDERED plaintiff is granted leave to file the referenced motion.

Joel Schneider, U.S.M.J.
August 20, 2020