September 6, 2020

Joel Schneider, USMJ

United States District Court

District of New Jersey

1 John F. Gerry Plaza

4th and Cooper Streets

Camden, NJ 08101

RE: Motion for preservation of evidence In Re: McBride v. Washington Township et al. 1:19-cv-17196

Dear Judge Schneider,

I trust the Court and its staff had a restful Labor Day Holiday. July and August were certainly not an easy month for the district. I hope the long weekend gave all of the Court's staff. The Court is assured of my family's continued prayers for your colleague, Judge Salas and her family. I am sure opposing counsel feels the same. There are some things that are beyond legal wrangling and simply need to be recognized in order to feel like a decent human being. This is definitely one of those situations.

Plaintiff expresses his gratitude to Your Honor for granting leave to file a Motion to protect Plaintiff's rights as to discoverable evidence. As this Court is well aware, the New Jersey Open Public Records Act is a cheap and rapid manner to obtain discovery through a lawful "back door." I am sad to say that Defendant appears to have left the back door open.

I made 31 separate requests for records. In many of those cases, the response from the Defendant is "no records exist." This means evidence was spoiled. A notice to preserve evidence accompanied by December 2017 Notice of Tort Claim. A second notice to preserve accompanied my service of process in July 2019. Subsequently, the evidence was identified as missing.

If Defendant now produces or proves that it has the evidence, it violated my civil rights by an unlawful denial of an Open Public Records Request. If Defendant still maintains that they do not have the discoverable evidence, then the evidence is either spoiled or the lack thereof shows Defendant did violate my civil rights as to the First, Fifth, and Fourteenth Amendments protected under New Jersey Civil Rights Act. Either way, the lack of evidence, already admitted in writing by Defendant's Records Custodian, means I win this lawsuit.

Accordingly, if Defendant Washington Township can not, within 30 days from entry of order, account for each and every piece of evidence listed on Exhibit A, I will ask this Court to do two things: 1) strike Defendant's opposition to my motion to file an amended complaint and 2) Allow me as the Plaintiff to extend an offer on judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. The latter may be an unusual request. However, it is submitted here in good faith as a reasonable extension of New

Jersey Rule 4-58 which different from its Federal Counterpart Rule 68 in that the former allows <u>any</u> party to submit an offer on judgment to the adverse party. My Offer in lieu of judgment is $5 million.

Sincerely yours,

Brian McBride

Plaintiff pro se