**BIRCHMEIER & POWELL LLC**
COUNSELLORS AT LAW
1891 STATE HIGHWAY 50
PO BOX 582
TUCKAHOE NJ 08250-0582
(609) 628-3414
(609) 628-2966 (FAX)
info@birchmeierlaw.com
www.birchmeierlaw.com

JAMES R. BIRCHMEIER °*
ERIN R. THOMPSON
EDWARD N. ROMANIK
SANDRA A. SORANTINO

DONALD A. POWELL
   RETIRED

° CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
*ALSO MEMBER PA. BAR

GLOUCESTER COUNTY OFFICE
53 NEWTON AVENUE
WOODBURY NJ 08096

OUR FILE NO.   13,289J            October 7, 2020            Electronically Filed

Honorable Joel M. Schneider, U.S.M.J.
**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza – 4th & Cooper Streets
Camden,   NJ   08101

Re:   **Brian F. McBride v. Township of Washington, et als
       Civil Action No.  1:19-cv-17196 (NLH/JS)**

Dear Judge Schneider:

Initially, I would like to thank Your Honor for taking the time to discuss potential settlement between the parties. On behalf of the Washington Township defendants, I now respond.

Attached for Your Honor's review is a copy of the pro se plaintiff's letter dated September 25, 2020 setting forth his settlement demands with respect to the Washington Township defendants. In essence, the pro se plaintiff seeks in excess of $800,000.00 in economic damages and various non-economic demands as well.

In response, attached is my letter directed to the pro se plaintiff dated October 7, 2020, indicating that there will be no offer on behalf of the Washington Township defendants. Under the circumstances, while I certainly appreciate Your Honor's offer to become involved in settlement discussions, I do not think they would be fruitful, and I certainly do not want to waste the Court's time.

That being said, I did want to bring to the Court's attention an additional disturbing letter our office received from the pro se plaintiff. Attached for Your Honor's review is a copy of the pro se plaintiff's letter directed to myself and my partner Erin Thompson. Initially, I am unclear as to the "enraging behavior" by my clients, however, there has been absolutely no evidence produced that my client has been involved in any type of conduct to disrupt the business of the pro se plaintiff's wife.

-2-

More troubling is, once again, the pro se plaintiff has brought up my spouse despite the fact that the pro se plaintiff admits that Your Honor was very clear that this type of behavior will not be tolerated from any party.

I am also troubled by the pro se plaintiff's latest threats to file complaints against not only me but also, my partner, Erin Thompson, who is not even counsel of record. I wanted to make sure the Court was aware of the pro se plaintiff's latest actions.

Respectfully submitted,
**BIRCHMEIER & POWELL LLC**

JAMES R. BIRCHMEIER

JRB:amt
jbirchmeier@birchmeierlaw.com
Enclosures
cc w/encls.:   Brian McBride, Pro Se Plaintiff
              Sean X. Kelly, Esquire/David E. Madden, Esquire/Christian M. Scheuerman, Esquire

September 25, 2020
James Birchmeier, Esq.
Birchmeier and Powell, LLC
1891 NJ-50
Tuckahoe, NJ 08250

SETTLEMENT COMMUNICATION

In re: McBride v. Washington Township et al. 1:19-cv-17196

Dear Mr. Birchmeier,

In follow-up to today's call with Judge Schneider, I set forth below my proposed settlement. As ridiculous as your client found my demand for a payment of $5 million, I found your client's proposal of $0 to be just as ridiculous. I am very confident that my amended complaint will be accepted and discovery will ensue. I simply can not understand how your client has police records related to me as a youth that are twenty five years old, but can't find body worn camera footage from three years ago.

To review where I see your client:
1) The criminal and civil complaints issued by Angela Donato state my conduct was within the municipal building and about her as a public figure.
2) The deposition of Donato shows she had no interaction with me outside of her capacity as a public official.
3) All Donato complaints were dismissed on the grounds that she is a public official and my public participation is protected.
4) Council President Nick Fazzio admitted Washington Township's liability. I have purchased Decipher software and validated the exchange as authentic.
5) Discoverable evidence related to the core issues of this case are missing

Accordingly, and given the written admission of liability by your client, I propose the following settlement terms:
1) Reimbursement of legal fees of $180,000 that I paid to defend myself against vexatious claims made by Washington Township employee Donato.
    a. Reimbursement of post-tax income
2) Reimbursement of lost wages and benefits of $630,000 ($315,000 per year for two years) that occurred as a result of criminal charges filed by Angela Donato.
3) Compensation due to physical symptoms of emotional distress is open to negotiation.
4) Washington Township will use a conflict inspector from a neighboring town for any complaints or permit inspections as to Plaintiff, his wife, or family.
5) Separate Mutual General Releases between McBride and Gonter and McBride and Platt
6) Any future litigation planned against McBride will require a resolution of council.
7) Washington Township will issue a public apology for the harassment and inconvenience McBride sustained as a result of Donato's abuse of the legal system. Washington Township will not admit liability but blames an elected official now out of office.

Please advise your client that I am very firm on recovering my out of pocket expenses and my lost wages. The cost of "make whole" relief, therefore, is going to be steep because my training and experience commands a very high salary.

To avoid another conference with Judge Schnieder, please have your client propose a serious offer. If you client low balls its settlement, they run the risk of making me more desirous of discovery and continuing this case to trial.

I look forward to further communications from your client.

Very truly yours,


Dr. Brian McBride
Plaintiff pro se
86 Goodwin Parkway
Sewell, NJ 08080
(856) 352-2995

## James R. Birchmeier, Esq

| | |
|---|---|
| **From:** | BRIAN MCBRIDE <bf.mcbride@comcast.net> |
| **Sent:** | Friday, October 02, 2020 8:36 AM |
| **To:** | jbirchmeier@birchmeierlaw.com; ethompson@birchmeierlaw.com |
| **Subject:** | In re: McBride v. Washington Township |
| **Attachments:** | Birchmeier.pdf |

Given the recent behavior by your client, please find enclosed a letter which explains the limitations of my settlement authority as to the above referenced case.

1

October 2, 2020
James Birchmeier, Esq.
Erin Thompson Esq.
Birchmeier and Powell, LLC
1890 NJ RT-50
Tuckahoe, NJ

Re: McBride v. Washington Township 1:19-cv-17196

Dear Mr. Birchmeier,

In light of the recent events and behavior of your client, I am compelled to remind you that such behavior makes it more difficult for both of us to achieve settlement without proceeding to discovery and trial. I am not certain how you would expect me to negotiate a settlement in good faith given your clients absolutely enraging behavior.

Since this enraging misconduct has disrupted my wife's business, I have to make it clear to you that:
1) My wife is not a party to the complaint pending before the District of New Jersey, referenced above.
2) I do not have authorization from my wife to include her in any settlement agreement to end the above, referenced litigation
3) Contrary to inaccurate news media reports, I do not have any ownership interest in Cup of Bliss Coffee Roasters, LLC. Accordingly, I can not enter into any release agreement on behalf of my wife's business entity nor can I comment on any litigation contemplated by the entity.

Your client's behavior has occurred repeatedly since 2018. From the outset of this litigation, I have demanded that you and your law firm gain control of your client. From my vantage point, it is certainly clear to my wife and I that you sat on your hands. You sat on your hands until I tested you. I looked at real estate records and found out the name of your spouse. I then used your spouse's name in a communication to you, which caused you to feel uneasy and bring the behavior to the attention of the court. The court was very clear that this type of behavior will not be tolerated from any party. Yet, your client keeps harassing my wife in violation of the court's admonishment.

Your discordant behavior is precisely what the 14th amendment to the federal constitution prohibits from any government official, including but not limited to municipal judges. If you fail to get your client under control I reserve the right to file complaints with the Office of Attorney Ethics naming you and Ms. Thompson as respondents. I also reserve the right to file a complaint against you with the New Jersey Advisory Committee on Judicial Conduct. I can

speak about what action my wife or her business entity may take against you for allowing this misogynistic behavior to continue.

Let me remind you that you admitted being a fellow member of the "fathers with daughters club." Public records indicate that your partner, Ms. Thompson is a fellow neighbor and taxpayer in this town. How can either of you stand for this behavior directed to a woman owned business?


Very truly yours,

Brian McBride
Plaintiff pro se