October 15, 2020
Joel Schneider, USMJ
United States District Court
District of New Jersey
1 John F. Gerry Plaza
Camden, NJ 08101

RE: Request for internet-based status conference In re: McBride v. Washington Township et al.
1:19-cv-17196

Dear Judge Schneider,

On September 25, 2020, Your Honor encouraged <u>all</u> parties to settle this case with each other. Plaintiff heard Your Honor inform Mr. Birchmeier to obtain settlement authorization from his client. Defendant Washington Township posts the agenda and minutes of each council meeting on the internet. There has not been one single executive session where the above, referenced litigation has been discussed. Mr. Birchmeier then subsequently wrote a letter to me, copying this court, stating that his client is not interested in settling the matter.

In the intervening time period, Defendant Washington Township has still not provided me proof that there is one invoice for a pre-employment drug test for every employee hired between 2016 and the present. One would think that, given the interest of taxpayers, the Defendant would be fully transparent.  They have not been transparent.  The New Jersey Department of Community Affairs, Governments Records Council has docketed this concerning denial of access.  Defendant Washington Township must produce a response on or before October 21, 2020. Again, I express my concern to this Court that the long standing denial of access to records for the most basic of pre-employment compliance tasks is certainly disturbing both as a taxpayer and a litigant whose family has been on the receiving end of what appears to be illicit drug abuse.

I took very seriously Your Honor's admonishment to get the case settled. However, I am not at all interested in giving so much as one cent of a discount on my actual damages. Defendant has asked for proof of damages but has not provided the certificate of insurance or their limits of liability under the Municipal Joint Indemnity Fund and/or Municipal Excess Liability Fund. Plaintiff finds it interesting that Defendant Washington Township is demanding proofs for anything when they can't even comply with the most basic of OPRA requests: Invoices that are supposed to be "immediately available" by statue.

I am respectfully asking for Your Honor to hold another status conference to find out what, exactly, is the problem. My intent is not to burden this Court. Indeed, the Court and the Plaintiff are very much aligned that this case should work towards resolution as was discussed on September 25, 2020. It seems the parties simply can not agree on 1) how many digits should be to the left of the decimal point on a settlement check and 2) on future compliance with New Jersey laws that govern behavior of municipalities.

I ask the Court to use an internet conferencing platform as I have a Power Point file to educate the Court as to my damages and the proofs in my possession. As to damages for legal fees, my Defense attorney who handled those matters is out of the office due to a personal matter. I anticipate a delay in getting those proofs accordingly.

As a family man, Plaintiff reminds the Court that we all have families.  Plaintiff took seriously the Court's expectations as to civil behavior between the litigants.  Defendant Washington Township has not.  Opposing counsel has made his own references to being a family man.  I have asked him repeatedly, to gain control of his client's employees and their harassment of my family. Rule 3.4 of the New Jersey Rules of Professional Conduct for Attorneys seems to require it.

Very truly yours,

Brian McBride
Plaintiff Pro Se
86 Goodwin Parkway
Sewell, NJ 08080
(856) 352-2995
Enclosures