October 19, 2020
Joel Schneider, USMJ
United States District Court
District of New Jersey
1 John F. Gerry Plaza
4th and Cooper Streets
Camden, NJ 08101

RE: Reply to Defendants' Opposition Brief (ECF Document 205)
In re: McBride v. Washington Township et al 1:19-cv-17196

Dear Judge Schneider,

Plaintiff has reviewed the brief referenced above.  This is just plain stupid. This is a waste of my time. This is a waste of this Court's time. The law firm defendants should just produce the settlement agreement they want signed or accept the settlement terms <u>they themselves proposed.</u>

In August 2020, Defendant Capehart and Scatchard, PA and Defendant Carmen Saginario, Jr., through counsel tendered a settlement offer of $2,000.

Plaintiff countered with a higher demand and non-monetary conditions. As to the non-monetary conditions, this Court stated it was not willing to entertain as a good faith modification of existing law.  Plaintiff concurred with the Court's assessment and <u>on the record</u> agreed that he would accept Defendants' original settlement proposal. The original settlement proposal was $2,000 with a mutual release. During that hearing counsel never stated their original proposal was rescinded or otherwise "off-the-table." Now, the Defendants do not want to honor the settlement they themselves proposed—even when they made and continue to make the false representation to <u>*this*</u> Court that the "pool lawsuit" was an order of court and not a settlement between the parties.  The law firm Defendants have also failed to disclose to this Court why that is now the case. The lawfirm Defendants are not bargaining in good faith at all.

As to the Winston factors:
1. Defendant Saginario actually **settled**  Township of Washington v. McBride GLO-0002-L-18 **without** a written settlement agreement and release (see attached).
2. Defendants' counsel never said that a written release was a requirement to end the law firm defendants' participation in  this instant case. They stated what their parameters were but they did not in their emails *expressly state* that they "would not" be bound in absence of a writing.

3. The law firm defendants have, since the agreement was proposed, played nicely with the Plaintiff. Specifically, Defendant Saginario's written responses to Plaintiff's OPRA requests and acknowledgment of his presence as a witness in other virtual court hearings have been civil, complying with the terms of a mutual non-disparagement and confidentiality provision.
4. The law firm defendants put forth their proposal in August 2020.  Plaintiff agreed to it on September 25, 2020 on the record, with no objection from the counsel for the law firm Defendants.

For the legal argument set forth in Plaintiff's motion, Plaintiff believes the parties reached an agreement to settle their differences upon the original August 2020 proposal set forth by the law firm Defendants.  The fact that the law firm Defendants want to continue this nonsense for a petty $2,000 and some as of yet undisclosed reservation is preposterous, disrespectful to the court, and indicative of the dishonorable treatment Plaintiff endured with the previous nine SLAPP suits he experienced.

Very truly yours,


Brian McBride
Plaintiff Pro Se