October 22, 2020
Joel Schneider, USMJ
United States District Court
District of New Jersey
1 John F. Gerry Plaza
4th and Cooper Streets
Camden, NJ 08101

RE: Follow-up to September 25, 2020 Status Conference
In re: McBride v. Washington Township et al 1:19-cv-17196

Dear Judge Schneider,

Plaintiff apologizes for directing communicating correspondence to this Court. The basis of Plaintiff's amended complaint presently under consideration before this Court seeks reimbursement of damages incurred because the Defendants flagrantly violated Plaintiff's civil rights in retaliation against Plaintiff's public participation.

I have shown this Court Defendant Washington Township's repeated non-compliance with my legitimate requests submitted under the New Jersey Open Public Records Act. Many of the responses brought to the attention of this Court show discoverable evidence related to this matter has been destroyed.

Now, enclosed herein, is a letter from the Government Records Council of the State of New Jersey showing that Defendant Washington Township has failed to comply with the State's deadline for production of documents the State of New Jersey demanded. If Defendant Washington Township is not going to comply with the State of New Jersey and its laws, what would ensure their respect for the Rules of this Court germane to discovery.

The bottom line here is that Washington Township hired 145 people and has provided proof that only 26 employees underwent pre-employment drug testing. The Defendant has provided no proof that the remaining employees were screened for illicit drug use or abuse. This, again, may impact the lucidity of the Defendant's litigation control group. They don't even have proof the solicitor himself, Stuart Platt, was tested according to the policy! The failure to comply with a legal demand from the State of New Jersey speaks volumes to the willingness of the Defendant to play fast and loose with compliance with the laws of our state and nation.

Again, the purpose is not inundate this Court, but to provide the Court with the full picture of the madness I face from the Defendant.

Very truly yours,


Brian McBride
Plaintiff Pro Se



**State of New Jersey**
DEPARTMENT OF COMMUNITY AFFAIRS
101 SOUTH BROAD STREET
PO BOX 819
TRENTON, NJ 08625-0819

PHILIP D. MURPHY
*Governor*

LT. GOVERNOR SHEILA Y. OLIVER
*Commissioner*

October 22, 2020

**VIA E-MAIL**

Christine Ciallella
Township Clerk
Township of Washington
523 Egg Harbor Road
Sewell, NJ 08080

RE: <u>Brian F. McBride v. Twp. of Washington (Gloucester)</u>, GRC Complaint No. 2020-206

Dear Ms. Ciallella:

The New Jersey Government Records Council ("GRC") sent you a request for the Statement of Information ("SOI") on October 14, 2020 in order for you to present the facts and legal arguments in response to the denial of access complaint filed against you. To date, a completed SOI has not been received.

The Open Public Records Act states that the public agency bears the burden of proving that a denial of access is authorized by law. <u>N.J.S.A.</u> 47:1A-6.

Be advised that if the GRC is not in receipt of the SOI by no later than three (3) business days from receipt of this letter, this complaint will proceed to adjudication based only on the information submitted in the Denial of Access Complaint. <u>N.J.A.C.</u> 5:105-2.4(g). The GRC appreciates your immediate attention to this matter. If you have any questions, please contact the case manager assigned to this complaint.

Sincerely,

Samuel A. Rosado, Esq.
Staff Attorney

cc:     Brian F. McBride, Complainant [VIA E-MAIL]



*New Jersey is an Equal Opportunity Employer • Printed on Recycled paper and Recyclable*

**BRIAN MCBRIDE <bf.mcbride@comcast.net>**  10/22/2020 1:21 PM

## RE: Washington Township Pre-Employment Drug Testing Re: OPRA 570-2020

To cciallella@twp.washington.nj.us  Copy chad.pradelli@abc.com •
Samuel Rosado <samuel.rosado@dca.nj.gov> • jbirchmeier@birchmeierlaw.com

Dear Ms. Ciallella,

The records do speak for themselves. Invoices are signed off by the Director of Public Works. As a part of your search (which is required to be presented to the State of New Jersey), there should be financial records of the cost transfer from the invoiced department, public works, to the appropriate cost center of the employee's home department. Those records are, therefore, requested both a stand alone follow-up OPRA request and as part of your search description due to the State of New Jersey.

Moreover, you provided records showing a staggering 145 employees hired in less than four years. Yet, there are only invoices for 26 of the 145 employees hired. That is an abysmal 18% compliance with municipal policy.

Therefore, I respectfully request any records that show the drug tests are for the remaining 119 employees for which an invoice was not provided. Pursuant to the Open Public Records Act, I request the results of all 145 pre-employment drug tests with all employee identifiers redacted.In this way, the municipality provides the evidence of compliance with its own pre-employment drug test policy without disclosing who the employee is.

Unless your office can provide either 145 invoices or 145 deidentified pre-employment drug test results, or records showing why any employee was or is "exempt," then the request will be deemed a denial.

Please provide the Statement of Information, including an explanation for the 119 missing drug tests, as directed by the State of New Jersey.

Very truly yours,

Brian McBride

> On 10/22/2020 1:01 PM cciallella@twp.washington.nj.us wrote:
>
> Good Afternoon Dr. McBride
>     While I do not normally provide information (as opposed to records) in response to inquiries involving OPRA requests, please accept this communication in response to your email indicating that you deem my response to OPRA request 570-2020 as a denial. In the first instance, a denial is evidenced by either the refusal of the public entity to provide records or the failure to respond to the request. My response satisfies neither of these requirements. As such, your refusal to withdraw the GRC complaint is inappropriate and to the extent you continue to refuse to do so, the Township will be required to unnecessarily expend additional taxpayer resources to address this issue. Second, you have erroneously concluded that because the invoices show the Department of Public Works as the payee, that the invoices are only for DPW employees. Without disclosing confidential personnel information which is exempt from production under OPRA, please be advised

that the redacted names on the invoices include employees in <u>all</u> departments of Washington Township (not just DPW). Once again, please withdraw the GRC complaint as the Township has fully complied with your request.

Respectfully,

*Christine Ciallella, RMC*

*Township Clerk*

*Township Of Washington*

*Office: 856-589-0520 ext. 214*

*Fax: 856-589-9177*

---

**From:** BRIAN MCBRIDE <bf.mcbride@comcast.net>
**Sent:** Wednesday, October 21, 2020 1:02 PM
**To:** cciallella@twp.washington.nj.us
**Cc:** chad.pradelli@abc.com; Rosado, Samuel <Samuel.Rosado@dca.nj.gov>; jbirchmeier@birchmeierlaw.com
**Subject:** Washington Township Pre-Employment Drug Testing Re: OPRA 570-2020

Dear Ms. Ciallella,

I received this response to the request. Unfortunately, I deem your response to be a denial. The complaint before the GRC will not be withdrawn.

All of the invoices for pre-employment drug tests are billed exclusively to the public works department. While I commend Mr. D'Orazio's commitment to this policy, the lack of invoices for other employees hired including the mayor, council persons, crossing guards, and the business administrator is disturbing as a taxpayer.

Why are there no pre-employment drug test invoices for departments other than public works?

Brian McBride

> On 10/21/2020 11:52 AM cciallella@twp.washington.nj.us wrote:
>
> Good Morning Dr. McBride,
>
> With respect to your request 570-2020 dated September 10, 2020, the Township provides the following response:

1. The Township possesses one record responsive to this request which is exempt from production under OPRA since it is (1) a record for use by any law enforcement agency in this State or any other State or federal law enforcement agency; and (2) is a criminal investigatory record.

2. The Township possesses no records responsive to this request.

3. Records responsive to this request are being produced.

4. Redacted records are being produced in response to this request. Redactions include personnel records which are exempt from production under OPRA and applicable case law.

5. Records responsive to this request are being produced.

I note that you have filed a complaint with the Government Records Council seeking production of these records. In the first instance, your complaint was premature since, under recently enacted law in response to COVID, the seven-day OPRA response time has been waived in favor of reasonable efforts to respond within that timeframe "or a as soon as possible thereafter." Given the emergent circumstances which have resulted from OPRA, together with the Township's being required to compile and redact records responsive to your request, it is the Township's position that its response time has been reasonable under the circumstances. As such, please withdraw your complaint with the GRC.

Respectfully,

*Christine Ciallella, RMC*
*Township Clerk*
*Township Of Washington*
*Office: 856-589-0520 ext. 214*
*Fax: 856-589-9177*