October 29, 2020
Joel Schneider, USMJ
United States District Court
District of New Jersey
1 John F. Gerry Plaza
4th and Cooper Streets
Camden, NJ 08101

RE: Follow-up to September 25, 2020 Status Conference
In re: McBride v. Washington Township et al 1:19-cv-17196

Dear Judge Schneider,

Plaintiff apologizes for directing communicating correspondence to this Court. The Court did invite the parties to correspond with the Court to avoid the unfriendly and uncivil behavior that plagued this case early on in its tenure.

I previously communicated to this Court on September 25, 2020 that the behavior of employees of Defendant Washington Township was suggestive of drug abuse. I subsequently informed this Court of Defendant Washington Township's failure to respond to a lawful Open Public Records Request and to demands from the Government Records Council of the State of New Jersey seeking *inter alia* the paid invoice for a pre-employment drug test for each employee hired from 2016-present. During that time, 145 employees were hired. The Defendant Washington Township by and through Defendant Carmen Saginario finally responded to the Government Records Council. The Court is directed to the enclosures from Mr. Saginario.

Each invoice presented by Defendant Saginario shows that Defendant Washington Township was billed for the quantity of one (1) pre-employment drug test. However, in the attestation signed by Christine Ciallella Records Custodian for Washington Township and submitted by Defendant Saginario, the Defendants claim that, even though the quantity billed was for one (1) drug test, that the test was for multiple employees.

Even though these are pre-employment drug tests, such tests are dispensed to the subject as a single unit of use. One human subject gets one test kit and service. Period. End of discussion. There is no mixing of samples between employees or sharing of a kit between employees. Urine is a biohazardous substance. Moreover, the claimed billing practice of billing multiple employees tests under one service code, as claimed by Defendant Washington Township, would violate patient confidentiality. It is patently unfathomable that the provider of the pre-employment drug tests, Virtua Health System, which has been in continuous operation for 136 years, would engage in such outright violations of the most basic of Healthcare billing regulations.

The Court is advised that obfuscation is what Plaintiff has been concerned will happen in discovery.  Moreover, Defendant Washington Township is still unable to prove that the members of its litigation control group complied with the municipal pre-employment drug test policy.

The Court is reminded that Plaintiff can not negotiate a settlement in good faith if the litigation control group of Defendant Washington Township is unable to prove the control group complied with its own pre-employment drug testing policy. As of now, Defendant Washington Township has not proven that compliance with pre-employment drug testing.

Very truly yours,


Brian McBride
Plaintiff Pro Se