[Doc. No. 177]

### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| BRIAN F. MCBRIDE,<br><br>            **Plaintiff,**<br><br>   v.<br><br>TOWNSHIP OF WASHINGTON et al.,<br><br>            **Defendants.** | Civil No. 19-17196 (NLH/JS) |

### ORDER

This matter is before the Court on the "Motion to Amend Complaint" ("motion") [Doc. No. 177] filed by pro se plaintiff Brian F. McBride. The Court received the opposition filed by defendants Capehart and Scatchard, PA and Carmen Saginario ("Capehart") [Doc. No. 178], as well as the opposition filed by the Township of Washington and Joseph J. Micucci ("Township") [Doc. No. 179] (collectively, the responding parties will be referred to as "defendants"). The Court also received plaintiff's reply [Doc. No. 180]. The Court exercises its discretion to decide plaintiff's motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be set forth in this Order, plaintiff's motion is DENIED.

1

**Background**

Plaintiff Brian F. McBride initially filed this action on July 15, 2019 in the Superior Court of New Jersey alleging various state and federal claims against defendants the Township of Washington, a Township official, Joseph J. Micucci, the Township's legal counsel, Capehart and Scatchard, PA, and a Capehart attorney, Carmen Saginario. See Compl. at 1 [Doc. No. 1-2].[1] Specifically, plaintiff filed a fourteen (14) count complaint against defendants asserting the following claims:

    (1) Common Law Fraud/Negligent Fraud/Intentional Fraud against all defendants;

    (2) Official Misconduct, N.J. Stat. Ann. § 2C:30-2, against defendants Micucci and Saginario;

  (3-5) Civil Racketeer Influenced and Corrupt Organization ("RICO") Act claims, 18 U.S.C. § 1961, et seq., against all defendants;

    (6) RICO Conspiracy claim, 18 U.S.C. § 1962(d), against all defendants;

    (7) Violations of the First Amendment, against all defendants;

    (8) Civil conspiracy, against all defendants;

    (9) Civil liability for releasing juvenile records of plaintiff, in violation of N.J. Stat. Ann. § 2A:4A-60, against all defendants;

  (11-12) Violations of the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-2, et seq., against all defendants;

---

[1] Plaintiff's complaint contained numerous paragraphs sharing the same number. To avoid confusion, all references to the complaint will be by page number.

(13) Violations of the New Jersey Open Public Records Act, N.J. Stat. Ann. § 47:1A-1, or in the alternative, the common law right of access, against the Township; and

(14) Defamation <u>per se</u>, against defendant Micucci.[2]

<u>See id.</u> at 6-17. Plaintiff, a resident of the Township, generally alleges he identified and complained of numerous improper actions he perceived as occurring in the Township and received backlash from defendants for doing so. <u>See id.</u> at 2-6. The backlash, and plaintiff's objections to it, form the basis of plaintiff's action. Defendants removed the case to federal court on August 26, 2019. <u>See</u> Not. of Removal [Doc. No. 1].

On June 19, 2020, the Honorable Noel L. Hillman granted defendants' motions to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismissed plaintiff's complaint in its entirety, in part with prejudice and in part without prejudice. <u>See</u> Op. [Doc. No. 167]; Order [Doc. No. 168]. More specifically, Judge Hillman held that plaintiff's "complaint fail[ed] to comport with Rules 8(a) and 9(b), and consequently, fail[ed] to state a claim upon which relief may be granted." Op. at 10. Counts 2 and 9 were dismissed with prejudice "as any amendment would be legally futile," while the remaining counts were dismissed without prejudice "as too factually vague to

---

[2] Plaintiff's complaint did not include a tenth count and instead, skipped to count eleven. <u>See</u> Compl. at 14-15.

3

proceed." Id. at 25-26.  Plaintiff was permitted an opportunity to amend his complaint within thirty (30) days "if he [could] do so consistent with the Federal Rules of Civil Procedure, th[e] Court's Local Civil Rules, and [Judge Hillman's] Opinion." Id. at 3.

The instant motion is plaintiff's second attempt to seek leave to amend his complaint. See First Mot. [Doc. No. 173]. Plaintiff's first motion was denied by Judge Hillman due to plaintiff's failure to provide a redlined version tracking the changes in his proposed first amended complaint as required by Local Civil Rule 15.1(a)(2). See Order, July 10, 2020 [Doc. No. 176]. Plaintiff was advised his request to amend must comply with the Federal Rules of Civil Procedure and Local Civil Rules, and that he was permitted "an additional opportunity to seek leave to amend in a rule-compliant manner." Id. at 1. In light of the length of plaintiff's proposed first amended complaint, plaintiff was further advised "to review and revise any proposed pleadings to be filed in response to [the] Order in an effort to meet Rule 8(a)'s brevity requirement." Id. at 3.

Plaintiff now seeks leave to amend his complaint and provides both a clean copy and a redlined version of his proposed second amended complaint ("SAC") pursuant to Local Civil Rule 15.1(a).[3]

---

[3] Plaintiff labels and refers to his proposed SAC as his "proposed first amended complaint."  See Mot. at 4.

See Mot., Exs. A, B.[4] Plaintiff's proposed SAC contains seven (7) counts asserting the following claims:

    (1)  Common Law Fraud/Negligent Fraud/Intentional Fraud against all defendants;

  (2-4)  Civil RICO Act claims, 18 U.S.C. § 1961, et seq., against all defendants;

    (5)  A RICO Conspiracy claim, 18 U.S.C. § 1962(d), against all defendants;

    (6)  Civil conspiracy, against all defendants; and

    (7)  Violations of the NJCRA, N.J. Stat. Ann. § 10:6-2, et seq., against all defendants.

See SAC ¶¶ 131-208. Attached as Exhibit A to plaintiff's proposed SAC are six (6) pages of text messages that were exchanged between plaintiff and former Township Councilman, Nick Fazzio, from late 2018 into early 2019. See id. ¶ 88.

Defendants oppose plaintiff's motion and generally argue the proposed amendments must be denied as futile. See Capehart Opp'n; Township Opp'n. In addition, defendants argue that plaintiff's proposed SAC "is unintelligible and continues to violate not only the Local Civil Rules but also the Federal Rules of Civil Procedure, including Rule[s] 8(a) and 9(b)." Township Opp'n at 2; see Capehart Opp'n at 1. Defendants also object to the omission in

---

[4] Plaintiff's motion, brief, and exhibits were filed as a single document. Two copies of plaintiff's proposed SAC were attached to the motion as Exhibits A and B. See Mot., Ex. A [Doc. No. 177 at 8-34] (clean copy); Mot., Ex. B [Doc. No. 177 at 35-73] (redlined version).

plaintiff's motion of any statement indicating defendants intended to oppose it, as required by Local Civil Rule 15.1(a). See Township Opp'n at 5. Plaintiff, however, asserts defendants' arguments are without merit and that his proposed SAC comports with the applicable Local and Federal Rules. See Pl.'s Reply. Plaintiff also asserts defendants' contention that he failed to comply with Local Civil Rule 15.1(a) "is patently false." Id. at 1.

**Discussion**

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The court should freely give leave when justice so requires.'" Spartan Concrete Prod., LLC v. Argos USVI, Corp., 929 F.3d 107, 115 (3d Cir. 2019). Notwithstanding this liberal standard, denial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, prejudice to the opposing party, or futility. Mullin v. Balicki, 875 F.3d 140, 149 n.15 (3d Cir. 2017) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted). In addition, a district court "has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (quoting Krantz v. Prudential Invs. Fed Mgmt. LLC, 305 F.3d

6

140, 144 (3d Cir. 2002)); see Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001) ("[A] motion for leave to amend a complaint [is] addressed to the sound discretion of the district court.").

Futility means the complaint, as amended, would fail to state a claim upon which relief could be granted. Shane, 213 F.3d at 115 (citation omitted). To determine whether a claim is futile, district courts apply the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6). See id. (citation omitted); Travelers Indemnity Co. v. Dammann & Co., Inc., 594 F.3d 238, 243 (3d Cir. 2010) (citation omitted). The Court must accept as true all well-pleaded factual allegations raised in plaintiff's proposed amended pleading and must determine whether the facts, as alleged, support a facially plausible claim on the grounds asserted. See Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).

It is well settled that a pleading will suffice if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). In alleging fraud, however, the Federal Rules of Civil Procedure prescribe a heightened pleading standard. See Fed. R. Civ. P. 9(b) (requiring a party to "state with particularity the circumstances

constituting fraud"). To determine the sufficiency of a complaint, a court must take three steps:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) (citation and editorial marks omitted) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth."). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (alterations and citations in original).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's [Rule 8] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. In other words, in order to withstand a Rule 12(b)(6) motion, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id.; Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Twombly, 550 U.S. at 555).

Defendants argue plaintiff's proposed SAC is futile and lacks, <u>inter alia</u>, the specificity and particularity required by Rules 8(a) and 9(b). For the reasons to be discussed in detail, the Court agrees and finds plaintiff's proposed SAC, like his initial complaint, is futile and fails to comport with the pleading requirements set forth in Rules 8(a) and 9(b). The Court, therefore, will deny plaintiff's motion and will not grant plaintiff another opportunity to amend. The Court will address each of plaintiff's claims in order.

A. <u>Count 1: Common Law Fraud/Negligent Fraud/Intentional Fraud</u>

Plaintiff alleges that the Capehart defendants, as attorneys, "have a duty to be honest in their representations to a tribunal." SAC ¶ 133. On or about May 27, 2018, plaintiff further alleges defendant Saginario "made misrepresentations" on behalf of the Township to "Judge Samuel Ragonese while representing" them in another matter involving plaintiff. <u>Id.</u> ¶ 134. This matter appears to be the "pool lawsuit" that is referred to throughout plaintiff's proposed SAC. <u>See id.</u> ¶¶ 55-85, 93-98, 106. Plaintiff proceeds to list a series of eleven (11) alleged misrepresentations made by Saginario during the lawsuit. <u>See id.</u> ¶ 134. As a result of defendants' alleged misrepresentations, plaintiff contends he "sustained injuries or damages." <u>Id.</u> ¶ 137.

"To establish common law fraud, a plaintiff must prove: '(1) a material misrepresentation of a presently existing or past fact;

9

(2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.'" <u>Banco Popular N. Am. v. Gandi</u>, 876 A.2d 253, 260 (N.J. 2005) (quoting <u>Gennari v. Weichert Co. Realtors</u>, 691 A.2d 350, 367 (N.J. 1997)). However, to the extent plaintiff alleges misrepresentations occurred during a judicial proceeding, the law is clear: "[t]he litigation privilege is firmly established in New Jersey case law." <u>Peterson v. Ballard</u>, 679 A.2d 657, 659 (N.J. Super. Ct. App. Div. 1996) (citation omitted). Statements made by attorneys, parties, and their representatives in the course of judicial proceedings are absolutely privileged and immune from liability. <u>Id.</u> (citing <u>Erickson v. Marsh & McLennan Co., Inc.</u>, 569 A.2d 793 (N.J. 1990)); <u>see</u> <u>Giles v. Phelan, Hallinan & Schmieg, L.L.P.</u>, 901 F. Supp. 2d 509, 524 (D.N.J. 2012) (finding the litigation privilege applies to claims of negligent misrepresentation and fraud).

The Court finds plaintiffs' claim in Count 1 is futile because it is barred by the litigation privilege and otherwise does not allege facts sufficient to satisfy Rule 9(b)'s particularity requirement or the <u>Banco</u> elements. Notably, while plaintiff alleges Saginario made misrepresentations in the pool lawsuit, he does not elaborate upon these allegations in such a manner that allows the Court to determine whether the specific representations made were false, whether defendants had knowledge of their falsity

and intended plaintiff to rely on them, and whether plaintiff in fact relied on them. Consequently, plaintiff's fraud claim is not pled with the particularity required by Rule 9(b) and fails to establish four of the five requisite Banco elements. See Banco, 876 A.2d at 261 ("Misrepresentation and reliance are the hallmarks of any fraud claim, and a fraud cause of action fails without them."). Further, plaintiff's proposed SAC demonstrates that the alleged misrepresentations occurred during a judicial proceeding and were made by Saginario in his capacity "as Special Counsel" to the Township defendants. See SAC ¶ 134. Therefore, any statements that Saginario made in connection with the matter as an attorney for defendants are privileged and immune from liability. See Peterson, 679 A.2d at 660 (noting "[t]he privilege extends to all statements made in connection with judicial proceedings and is not limited to what a person says under oath"). For these reasons, the Court finds plaintiff's first count is futile.

B. Counts 2-4: Civil RICO Claims

Plaintiff alleges violations of the Racketeer Influenced Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961(a)-(c), against all defendants. See SAC ¶¶ 139-80. Specifically, plaintiff alleges defendants "devised or intended to devise a scheme or artifice meant to defraud and/or [to] obtain money or property from [p]laintiff for the benefit of the Gloucester County Democratic Party." Id. ¶¶ 148, 165 (same). Plaintiff further

11

alleges that defendants engaged in a "pattern of illegal activities" which include mail and wire fraud. Id. ¶ 141; see id. ¶¶ 146-47, 163-64. As a result of this alleged conduct, plaintiff contends he suffered monetary losses. Id. ¶ 172.

In order to survive a motion to dismiss a civil RICO claim the complaint must sufficiently set forth the following elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. See Poling v. K. Hovnanian Enters., 99 F. Supp. 2d 502, 507-08 (D.N.J. 2000) (citing Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985)); see also Morales v. Superior Living Prod., LLC, 398 F. App'x 812, 814 (3d Cir. 2010) (same). A "pattern" of racketeering activity requires at least two predicate acts of racketeering. See Sedima, 473 U.S. at 496 n.14 (citing 18 U.S.C. § 1961(5)). Section 1961 defines the acts that qualify as "racketeering activity," which includes, inter alia, mail fraud and wire fraud. Annulli v. Panikkar, 200 F.3d 189, 199 (3d Cir. 1999) (citing 18 U.S.C. § 1961(1)). Because plaintiff advances fraud claims as predicate acts of racketeering, they must be pled with the level of specificity and particularity required by Rule 9(b).[5] Jaye v. Oak Knoll Vill. Condo. Owners Ass'n, Inc., 751 F. App'x 293, 297-98 (3d Cir. 2018) (citation omitted).

---

[5] Plaintiff's proposed SAC purports to allege additional predicate acts of racketeering by defendants which include, but are not limited to, the "concealment, removal, or destruction[]" of public records, "illegal surveillance," and "laundering of monetary

"Mail or wire fraud consists of (1) a scheme to defraud, (2) use of the mail or interstate wires to further that scheme, and (3) fraudulent intent." Jaye, 751 F. App'x at 297 (citation omitted). To sufficiently plead mail or wire fraud, a plaintiff must plead "the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984), cert. denied, 469 U.S. 1211 (1985). This requires an identification and explanation of the specific conduct alleged to be fraudulent, often by providing the "date, place[,] and time" the alleged fraud occurred, or some "alternative means of injecting precision and some measure of substantiation into the[] allegations of fraud." Id. Conclusory allegations or general averments of fraud, without informing each defendant as to the specific fraudulent acts he or

---

instruments." SAC ¶¶ 144-45, 151, 153, 155, 171. Notably, destruction of public records and illegal surveillance in certain do not qualify as predicate acts under the RICO statute. See 18 U.S.C. § 1961(1). Nevertheless, because plaintiff does not allege any specific acts by defendants or otherwise explain or offer support for his allegations beyond reciting statutory language in certain cases, the Court finds plaintiff's allegations amount to "bald assertions" and "legal conclusions" not entitled to the presumption of truth. In re Burlington, 114 F.3d at 1429 (citation omitted); Connelly, 809 F.3d at 790 (citation omitted) ("[T]he clearest indication that an allegation is conclusory and unworthy of weight in analyzing the sufficiency of a complaint is that it embodies a legal point.").

she is alleged to have committed, will not satisfy Rule 9(b). See, e.g., Morales, 398 F. App'x at 813 (affirming the district court's dismissal of a "fraud-based RICO claim" under Rule 9(b) because "the predicate acts as pleaded lacked precision, some measure of substantiation, or any specific details"). Last, when plead as a predicate act to a RICO violation, a plaintiff "must allege that mailings are related to the underlying fraudulent scheme, even though mailings need not be an essential element of the scheme and need not themselves contain any misrepresentations." Bonavitacola Elec. Contractor, Inc. v. Boro Developers, Inc., 87 F. App'x 227, 231 (3d Cir. 2003) (citation omitted).

Here, the Court finds plaintiff fails to satisfy Rule 9(b)'s heightened pleading standard in advancing his fraud-based RICO claims because the alleged predicate acts of mail and wire fraud, as pleaded, lack precision, some measure of substantiation, or specific details relating to the alleged use of the mail or interstate wires to further the underlying fraudulent scheme. Consequently, plaintiff does not establish the requisite pattern of racketeering activity and, therefore, fails to state a viable claim under the statute.[6] Notably, the proposed amendments reveal plaintiff opted not to materially revise his original claims that

_____

[6] Because plaintiff's proposed SAC fails to sufficiently plead two predicate acts of racketeering, the Court need only determine that plaintiff does not establish a pattern of racketeering activity to find his claims are futile. See Morales, 398 F. App'x at 813-14.

were dismissed.   Instead, plaintiff chose to assert essentially the same allegations that were deemed deficient.[7] Because of this, plaintiff's proposed amendment continues to "plead[] the RICO standard without identifying the specific acts he alleges constitute mail and wire fraud."[8]   See Op., June 19, 2020 at 14-15. Substantively, Counts 3 and 4 of plaintiff's proposed SAC are identical to Counts 4 and 5 contained in his original complaint. In fact, they read verbatim apart from the addition of a single paragraph in each count indicating the approximate date plaintiff learned of the alleged conduct. See SAC ¶¶ 174, 180. And, Count 2 of plaintiff's proposed SAC still largely mirrors Count 3 of his original complaint.  Further, the Court finds the proposed amendments do not state with particularity the circumstances of defendants' alleged fraudulent scheme and fail to inject the requisite precision and substantiation into plaintiff's allegations.[9] Without more, plaintiff's proposed SAC does not

---

[7] Compare SAC ¶¶ 139-180, with Compl. at 8-12.

[8] See, e.g., SAC ¶ 146 ("Defendants acted in criminal violation of the federal mail fraud statute. . . ."); id. ¶ 164 ("Defendants further acted in criminal violation of the federal wire fraud statute. . . ."); id. ¶ 167 ("Defendants transmitted or caused to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice when they transmitted telephone and cellular telephone calls, documents, facsimiles, emails, instant messages, and any other form of communication.").

[9] Plaintiff contends his proposed amendments "provide[] sufficient allegations as to who, when, where, and what constitutes the basis for [his] RICO claims." Pl.'s Reply at 3. The Court disagrees.

comport with the applicable pleading standard and otherwise fails to place defendants on appropriate notice of the precise misconduct with which they are charged.   In addition, plaintiff's proposed amendment does not "adequately describe[] the nature and subject of the alleged misrepresentation[s]" committed by each defendant. Poling, 99 F. Supp. 2d at 509 (quoting Seville, 742 F.2d at 791). For the foregoing reasons, therefore, the Court finds that plaintiff's civil RICO claims are futile.

C. Count 5: RICO Conspiracy

Plaintiff also allege a RICO conspiracy claim against all defendants. The conspiracy provision of the statute "prohibits any person from conspiring to violate subsections (a), (b), or (c)" of section 1962. Kolar v. Preferred Real Estate Investments, Inc., 361 F. App'x 354, 366 (3d Cir. 2010) (citing 18 U.S.C. § 1962(d)).

---

Instead of injecting precision or some measure of substantiation into his allegations, plaintiff's proposed amendments confuse the matter further. To summarize: plaintiff alleges that, over a three-year period "at times of day presently unknown," and at one or more of nine potential locations across New Jersey, over a dozen individuals, many of whom are not parties to the action, "signed or had plaintiff served with criminal complaints" because of his "participation at Municipal Council Meetings." SAC ¶¶ 149, 153. Plaintiff does not allege that defendants used mail or interstate wires to further their alleged fraudulent scheme beyond broad conclusory allegations and recitals of statutory language. See Jaye, 751 F. App'x at 297-98 (finding "conclusory allegations" of mail fraud or wire fraud "fail[ed] to satisfy Rule 9(b)'s particularity standard"); see also Mayor & Council of Borough of Rockaway v. Klockner & Klockner, 811 F. Supp. 1039, 1060 (D.N.J. 1993) ("[Plaintiff] "cannot simply 'lump' all the defendants together and allege generally that they all committed fraud[].").

Thus, it follows that "[a]ny claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient." Lightning Lube Inc. v. Witco Corp., 4 F.3d 1153, 1191 (3d Cir. 1993). Since plaintiff has not established a viable claim under any subsection, his RICO conspiracy claim must fail as well. As such, the Court finds plaintiff's proposed fifth count futile.

    D. Count 6: Civil Conspiracy

    Plaintiff alleges that defendants conspired to: abuse legal process; burden plaintiff in his defense of one or more pending legal matters; damage plaintiff financially; defame plaintiff; silence plaintiff; and restrain and retaliate against plaintiff for publicly speaking out against defendants. See SAC ¶ 186.

    Under New Jersey law, a civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." Banco, 876 A.2d at 263 (quoting Morgan v. Union Cty. Bd. of Chosen Freeholders, 633 A.2d 985 (N.J. Super. Ct. App. Div. 1993), cert. denied, 640 A.2d 850 (N.J. 1994)). To properly plead civil conspiracy, a plaintiff must allege that defendants understood the general objectives of their underlying scheme, accepted them, and agreed, either explicitly or implicitly, to do

17

their part to further them. Id. (citation omitted). "[T]he gist of the claim is not the unlawful agreement, 'but the underlying wrong which, absent the conspiracy, would give a right of action.'" Id. (quoting Morgan, 633 A.2d at 998).

Here, despite being given an opportunity to amend his original deficient complaint, plaintiff again merely generally alleges defendants conspired against him in an effort to silence and retaliate against him for speaking out and criticizing their conduct.[10]  Plaintiff's proposed amendment does not allege with sufficient detail, as opposed to general conclusions, the creation of or the existence of a conspiracy between defendants to commit an identifiable wrong against plaintiff. Nor does plaintiff allege the existence of an agreement between defendants, explicit or implicit. Plaintiff contends that the proposed SAC "sufficiently pleads [his] civil conspiracy claim with reference to who[,] when, where, and what." Pl.'s Reply at 4. The Court disagrees.  While plaintiff generally alleges the existence of a conspiracy, he does not plead facts to support his conclusory statement.  As such, plaintiff's civil conspiracy claim fails to comply with the applicable pleading requirements. For the foregoing reasons, the Court finds plaintiff's sixth count is futile.

----

[10] Plaintiff has not made any substantive revisions to his civil conspiracy claim. See SAC ¶¶ 185-87; Compl. at 14.

E. Count 7: New Jersey Civil Rights Act Claims

Plaintiff alleges various violations of the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. § 10:6-2, et seq., against all defendants. Specifically, plaintiff alleges that, from on or about January 2, 2017 until on or about March 17, 2017, he regularly attended municipal council meetings and vocally opposed certain actions taken by the Township. See SAC ¶¶ 189-92. In response to his criticism, plaintiff contends defendants acted in concert to abridge and violate his First, Fifth, and Fourteenth Amendment rights. Id. ¶¶ 200-203. For example, plaintiff alleges a Township employee filed "criminal charges for harassment [against him] for [a] statement" he made at one of the meetings. Id. ¶¶ 192-93. Plaintiff contends these charges were brought against him by the employee because he disagreed with her "votes and lack of decorum." Id. ¶ 196. Plaintiff also alleges defendants initiated a lawsuit for a cured zoning violation. Id. ¶ 197.

"[T]he NJCRA provides a means of vindicating substantive rights guaranteed by federal law and New Jersey's Constitution and laws." Lapolla v. Cty. of Union, 157 A.3d 458, 469 (N.J. Super. Ct. App. Div. 2017) (citation omitted). The NJCRA provides a private right of action in the following provision:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this

19

> State, or whose exercise or enjoyment of those
> substantive rights, privileges or immunities has
> been <u>interfered with</u> or attempted to be interfered with,
> by threats, intimidation or coercion by a person acting
> under color of law, may bring a civil action for damages
> and for injunctive or other appropriate relief.

<u>Id.</u> (citing N.J. Stat. Ann. § 10:6-2(c)) (emphasis in original).

"Two types of private claims are recognized under the NJCRA: (1)

a claim when one is 'deprived of a right,' and (2) a claim when

one's rights have been 'interfered with by threats, intimidation,

coercion or force.'" <u>Id.</u> (quoting <u>Felicioni v. Admin. Office of

Courts</u>, 961 A.2d 1207 (N.J. Super. App. Div. 2008), <u>cert. denied</u>,

3 A.3d 1228 (N.J. 2010)).

Here, the Court finds that plaintiff fails to allege a viable

claim under the NJCRA.  Plaintiff's proposed SAC "presents a dense

thicket of rambling statements" and allegations that "are not

short, plain, concise, [or] direct." <u>Venezia v. Union Cty.

Prosecutor's Office</u>, C.A. No. 10-6692 (MLC), 2011 WL 2148818, at

*1 (D.N.J. May 31, 2011) (dismissing <u>pro se</u> plaintiff's amended

complaint, in part, for failing to comply with Rule 8(a)'s pleading

requirements).  Consequently, the Court finds that plaintiff's

NJCRA claims do not comply with the applicable pleading

requirements.  For these reasons, the Court finds plaintiff seventh

count is futile.

F. Leave to Amend is Denied

Having determined that plaintiff's proposed amendment is futile, the next issue the Court must address is whether plaintiff should be given another opportunity to amend. The answer is no. Despite being on notice of what was required to properly plead a claim, and despite being given an opportunity to fix his original deficient complaint, plaintiff has still not pleaded a viable claim. In fact, plaintiff's proposed amended complaint pleads essentially the same allegations that have already been deemed deficient. The Court fairly assumes, especially since it appears from plaintiff' multiple filings on the docket that plaintiff is a sophisticated and well-informed pro se litigator, that if facts existed to support plaintiff's claims they would have been pleaded. Therefore, the Court finds it would be futile to give plaintiff another opportunity to amend. As such, the Court denies plaintiff's motion with prejudice. See Gasoline Sales, Inc. v. Aero Oil Co., 39 F.3d 70, 74 (3d Cir. 1994) (noting, where plaintiff sought to add facts to a twice-amended complaint, "three attempts at a proper pleading is enough"); see also Poling v. K. Hovnanian Enterprises, 99 F. Supp. 2d 502, 516 (D.N.J. 2000) (denying pro se plaintiff leave to amend because "such an amendment would be futile"). It is not insignificant that plaintiff was given express notice that his fraud claims were subject to particularity requirements but he failed to conform his proposed pleading with the Rule. See Morales,

398 F. App'x 812, 814 (3d Cir. 2010) (finding the district court "gave [plaintiffs'] express notice that the RICO claim was subject to Rule 9(b)'s particularity requirements" and "appropriately denied leave to amend [plaintiffs'] First Amended Complaint"). The record reflects that plaintiff was on notice of the deficiencies in his complaint and was provided with an adequate opportunity to cure them. Having chosen not to cure the deficiencies in his original dismissed complaint, it would be futile to give plaintiff another opportunity to amend. See U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (finding if plaintiff could plead facts to support a viable claim "he would have already done so").

**Conclusion**

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED this 17th day of December 2020, that plaintiff's "Motion to Amend Complaint" [Doc. No. 177] is DENIED; and it is further

ORDERED that for the reasons discussed in this Order, plaintiff will not be given another opportunity to amend.

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge