**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

BRIAN F. McBRIDE,                    Civil Action No. 19-17196

        Plaintiff,

    v.                               **OPINION**

TOWNSHIP OF WASHINGTON, et
al.,

        Defendants.

---

<u>**APPEARANCES**</u>:

BRIAN F. MCBRIDE
86 GOODWIN PARK
SEWELL, NJ 08080

       *Plaintiff appearing pro se*

JAMES R. BIRCHMEIER
BIRCHMEIER & POWELL LLC
1891 STATE HIGHWAY 50
PO BOX 582
TUCKAHOE, NJ 08250-0582

       *Counsel for Defendants Township of Washington and*
       *Joseph Micucci*

SEAN X. KELLY
CHRISTIAN M. SCHEUERMAN
DAVID ELIOT MADDEN
MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, PC
CHERRY TREE CORPORATE CENTER
535 RT. 38 EAST
SUITE 501
CHERRY HILL, NJ 08002

       *Counsel for Defendants Capehart and Scatchard, PA and*
       *Carmen Saginario*

**HILLMAN**, District Judge

This matter comes before the Court upon Defendants Township of Washington and Joseph J. Micucci's (collectively "Moving Defendants") Motion for Sanctions and Plaintiff Brian McBride's ("Plaintiff") Motion for Sanctions.  For the reasons below, the Court will deny both motions.

<u>**BACKGROUND**</u>

The facts of the case are set forth more fully in the Court's Opinion dated June 19, 2020.  <u>McBride v. Twp. of Washington</u>, No. 19-17196, 2020 U.S. Dist. LEXIS 107361, *2 (D.N.J. June 19, 2020).  Accordingly, the Court does not restate the full factual background here.

Following the Court's Opinion dated June 19, 2020, Plaintiff filed a motion to amend, which the Court denied without prejudice for failure to follow the Federal Rules of Civil Procedure and District of New Jersey Local Rules.  (ECF Nos. 173, 176.)  Soon thereafter, Plaintiff filed a second motion to amend, which the Court denied, and the Court ordered Plaintiff was no longer allowed to file another motion to amend. (ECF Nos. 177, 224.)  On February 11, 2021, Moving Defendants filed the present Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 for Plaintiff "having filed complaints that are completely devoid of any compensable legal theory and for filing numerous frivolous motions throughout the pendency of

2

this litigation." (ECF No. 226-1 at 10.) Plaintiff opposes Moving Defendants' Motion for Sanctions and argues such motion must be denied because Moving Defendants failed to comply with the safe harbor provision. (ECF No. 227 at 1-2.) Plaintiff further argues the motion must be denied because he did not engage in conduct that warrants sanctions pursuant to Federal Rule of Civil Procedure 11. (Id. at 2-3.) Moreover, Plaintiff filed his own Motion for Sanctions arguing sanctions is warranted against Moving Defendants pursuant to Federal Rule of Civil Procedure 11. (ECF No. 230.)

## DISCUSSION

### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

### B. Legal Standard

Rule 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper" an attorney certifies that it is "not being presented for any improper purpose," "the claims . . . are warranted," and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). Rule 11(c)(1) states that "if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation."

3

Fed. R. Civ. P. 11(c)(1).[1]

Sanctions awarded under this rule "are warranted only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." Goldenberg v. Indel, Inc., No. 09-5203, 2011 U.S. Dist. LEXIS 31851, at *5-6 (D.N.J. Mar. 25, 2011) (quoting Watson v. City of Salem, 934 F. Supp. 643, 662 (D.N.J. 1995); Doering v. Union Cty. Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988)(quotations omitted)).  Indeed, the Third Circuit has recognized that Rule 11 sanctions should only be imposed in those rare instances where the evident frivolousness of a claim or motion amounts to an "abuse[ ] of the legal system." Id. (quoting Doering, 857 F.2d at 194).

A Rule 11 motion alleging that a party has violated subsection (b) of the rule must be filed as a separate pleading. See Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)").

---

[1] Although Plaintiff is not an attorney and is instead proceeding pro se, the Court retains the power to impose sanctions against Plaintiff consistent with Federal Rule of Civil Procedure 11 under its inherent authority. See J.C. v. Richards, No. 18-13947(NLH), 2019 U.S. Dist. LEXIS 124818, at *14 (D.N.J. July 26, 2019)(quoting Thomas v. Conn. Gen. Life Ins. Co., No. 02-136, 2003 U.S. Dist. LEXIS 22436, at *9 (D. Del. Dec. 12, 2003)("Rule 11 grants district courts 'the power to sanction abusive pro se litigants.'")).

"Further, before addressing the merits of a party's Rule 11 motion, the Court must determine whether the party complied with the 'safe harbor' provision of Rule 11(c)(2)." Gant v. Ragone, No. 20-1727, 2021 U.S. Dist. LEXIS 138578, at *3 (D.N.J. July 26, 2021).  Under that provision, a party cannot file a motion for sanctions until it first presents the motion to the offending party and allows 21 days for the other party to withdraw or correct the challenged issue. Id. (citing In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008); Fed. R. Civ. P. 11(c)(2)).

**C.  Analysis**

Moving Defendants move for sanctions pursuant to Federal Rule of Civil Procedure 11.  However, it does not appear that Moving Defendants have followed the mandatory safe-harbor procedure set forth in Rule 11(c)(2).  Accordingly, their motion may be denied on that basis alone. See Lloyd v. Pluese, Becker & Saltzman, LLC, No. 18-9420, 2019 U.S. Dist. LEXIS 78783, at *8 (D.N.J. May 9, 2019).  Accordingly, the Court must deny Moving Defendants' Motion for Sanctions. See Metro. Life Ins. Co. v. Kalenevitch, 502 F. App'x 123, 124-25 (3d Cir. 2012) ("Kalenevitch did not present her sanctions motion separately from her motion for judgment on the pleadings, and she failed to serve the motion upon MetLife and wait twenty-one days before filing it. . . . [Thus,] Kalenevitch's sanctions request was

5

plainly subject to denial due to non-compliance with Rule 11(c)(2).")); Gant v. Ragone, No. 20-01727, 2020 U.S. Dist. LEXIS 216740, at *37 (D.N.J. Nov. 19, 2020)(denying a party's motion for sanctions pursuant to Rule 11 for failure to comply with the safe harbor provision); Schmell v. Morgan Stanley & Co., No. 17-13080, 2018 U.S. Dist. LEXIS 89818, at *15 (D.N.J. May 30, 2018)(same); Higgins v. Wells Fargo Bank, N.A., No. 15-1409, 2017 U.S. Dist. LEXIS 40955, at *13 (D.N.J. Mar. 21, 2017)(same).

For the same reasons, the Court finds Plaintiff's request for sanctions procedurally improper.  Plaintiff attaches a Rule 11(c)(2) certificate to his motion certifying he complied with the safe harbor provision.  (ECF No. 230 at 7).  However, this certificate is insufficient to satisfy the safe harbor provision because it is a certificate related to one of Plaintiff's prior motions for sanctions not the present Motion for Sanctions before this Court.  This is evident by the date Plaintiff certifies he sent his draft motion to sanctions on Defendant Township: October 7, 2019.  (Id.).  Plaintiff's present Motion for Sanctions relates to Moving Defendants attempt to reopen this matter for the narrow purposes of the Court imposing sanctions on Plaintiff under Rule 11, which did not occur until February 11, 2021.  Accordingly, Plaintiff's certification explaining it sent the draft motion on October 7, 2019 and that

such draft related to the filing of Defendant Township's motion to dismiss does not comply with Rule 11's safe harbor provision for Plaintiff's present Motion for Sanctions.

Moreover, the Court recognizes Plaintiff also filed a cover letter addressed to Moving Defendants' counsel that appears to be an attempt to comply with the safe harbor provision.  (ECF No. 229).  However, the Court is unable to tell whether the safe harbor provision is satisfied because Plaintiff's cover letter fails to include a date.  Additionally, even if the relevant date is March 1, 2021, when the letter was filed, then this cover letter is insufficient to satisfy the safe harbor provision because it was sent the same day Plaintiff's Motion for Sanctions was filed.

Nevertheless, even assuming Plaintiff's cover letter, ECF No. 229, was sufficient to comply with the safe harbor provision, the Court would still deny Plaintiff's Motion for Sanctions.  This is because the conduct of Moving Defendants in filing their Motion for Sanctions is not one of "those rare instances where the evident frivolousness of a claim or motion amounts to an 'abuse[] of the legal system." Goldenberg v. Indel, Inc., 2011 U.S. Dist. LEXIS 31851, at *6 (quoting Doering, 857 F.2d at 194).  Accordingly, the Court will also deny Plaintiff's Motion for Sanctions.

**<u>CONCLUSION</u>**

For the reasons stated above, the Court will deny Moving Defendants' Motion for Sanctions and deny Plaintiff's Motion for Sanctions.

An appropriate Order will be entered.


Date: September 30, 2021            <u>  s/ Noel L. Hillman     </u>
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

8